IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN MENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 2018-cv-06313 |
| VS. | ) | |
| CITY OF CHICAGO, | ) | Judge Marvin E. Aspen |
| A Municipal Corporation, | ) | |
| OFFICER CHRISTIAN | ) | Magistrate Judge Maria Valdez |
| SZCZUR, OFFICER DAVID COOK, & | ) | |
| Unknown Officers of the Chicago Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO COMPEL**

Defendants, City of Chicago ("City"), by its attorney, Mark A. Flessner, Corporation Counsel for the City of Chicago, and Defendants Christian Szczur and David Cook ("Defendant Officers"), by and through one of their attorneys, Allison Romelfanger, respectfully move pursuant to Federal Rule of Civil Procedure 37 to compel Plaintiff Juan Mendez's answers to outstanding written discovery served on October 24, 2019. In support, the Defendants state:

**BACKGROUND**

Plaintiff tendered his Initial Rule 26(a) disclosures to Defendants on October 17, 2019. (*See* Ex. A). On October 24, 2019, Defendant Szczur propounded written discovery requests on Plaintiff including requests for interrogatories and production. (*See* Ex. B1, Ex. B2). Plaintiff responded to these written discovery requests on November 29, 2019. (*See* Ex. C1, Ex. C2). These responses contained numerous deficiencies. On January 6, 2020, Defendants sent Plaintiff a joint 37.2 letter detailing the deficiencies of Plaintiff's responses to written discovery and

requesting Plaintiff address the same by January 24, 2020, otherwise Defendants would seek court intervention. (*See* Ex. D) Specifically, Plaintiff's interrogatory responses failed to adequately detail Plaintiff's criminal history as requested in interrogatory no. 3; adequately identify the subject matter about which witnesses would testify as requested in interrogatory no. 4; failed to identify if documents exist related to communications relevant to the events at issue as requested in interrogatory no. 6; failed to provide any information pertaining to Plaintiff's alleged lost wages as requested in interrogatory no. 8; failed to adequately detail Plaintiff's prior and current medical history, including treatment for his mental health, as requested in interrogatory nos. 10-13 or provide documents as requested pursuant to request for production nos. 3 & 7; failed to provide full details regarding disability benefits as requested in interrogatory no. 14; failed to provide photos, audio, or videos as requested in interrogatory no. 17 and request for production no. 2; failed to quantify his alleged monetary losses as requested in interrogatory no. 18 and request for production no. 14; failed to identify whether he used drugs or alcohol immediately prior to the events at issue in the lawsuit as requested in interrogatory no. 20; failed to properly identify any individuals he may have had conversations with regarding the allegations in the complaint as requested in interrogatory no. 21; and failed to detail his whereabouts and activities in the two hours prior to his encounter with Chicago police officers as requested in interrogatory no. 23. Additionally, at the time of Defendants' 37.2 letter, Plaintiff had not tendered any documents whatsoever, even those referenced in his written discovery responses and as requested in request to produce no. 28.

During a brief 37.2 conference via telephone on January 15, 2020 to discuss discovery issues raised by both parties, counsel for Plaintiff, Mr. Coyne, stated that he was working on a formal response to Defendants' 37.2 letter. (*See* Ex. E) Defendants sent a follow-up email to

Plaintiff on January 27, 2020 regarding the issues raised in their 37.2 letter. Plaintiff's response indicated counsel for Plaintiff was working on a formal response to Defendants' January 6, 2020 37.2 Letter. (*See* Ex. F). Plaintiff formally responded to Defendants' 37.2 letter on January 31, 2020 (*See* Ex. G). In such letter, Plaintiff stated numerous interrogatories were premature, that Plaintiff did intend on supplementing some of the responses, and intended on producing documents, including medical records to counsel. (*See id.*). On February 6, 2020, counsel for all parties conducted a 37.2 conference via telephone specifically to address the concerns raised in Defendants' 37.2 letter. During this discussion, Mr. Gutierrez represented that Plaintiff was in fact in possession of voluminous medical records regarding Plaintiff's care and treatment relevant to the case, and that Plaintiff would look into producing these documents as well as relevant medical and mental health records 10 years prior to the event in question. (*See* Ex. H). Defendants further detailed the information and documents they were looking for Plaintiff to supplement. (*See id.*).

Defendants sent a second 37.2 letter on February 26, 2020 to address the fact Plaintiff still had not supplemented his written discovery responses, nor sent any of the requested documents discussed in the parties' February 6, 2020 37.2 conference. The letter also advised Plaintiff that if no response was received by March 6, 2020, Defendants would seek court intervention. (*See* Ex. I). Counsel for Plaintiff subsequently tendered medical records from three of Plaintiff's treaters, as well as the criminal file related to Plaintiff's underlying criminal prosecution on March 3rd and 6th, 2020. However, this production did not contain any records related to Plaintiff's medical and mental health treatment records for the 10 years prior to the May 26, 2018 events at issue, records related to claims for lost wages, documents related to Plaintiff's efforts to find employment, photographs used by Plaintiff in depositions, or the videos

referenced in Plaintiff's January 31, 2020 correspondence. Defendants sent another follow up regarding updated interrogatory responses on May 20, 2020. (*See* Ex. J). Plaintiff responded stating that Plaintiff would work on outstanding responses owed to Defendants. (*See id.*).

As of the date of the filing of this motion, Defendants have not received updated interrogatory responses, Plaintiff's medical and mental health treatment records for the 10 years prior to May 26, 2018, records related to claims for lost wages or efforts to find employment, photographs used throughout the course of numerous officer depositions, or the videos referenced in Plaintiff's Responses to Request for Production No. 2 and January 31, 2020 correspondence. Notably, Defendants are not even able to subpoena Plaintiff's prior medical or mental health physicians as Plaintiff failed to disclose such treaters in his responses to Defendant Szczur's interrogatories.

## COMPLIANCE WITH RULE 37.2

The parties have engaged in Rule 37.2 conferences as detailed above in compliance with the Court's standing order and the Federal Rules. Fed. R. Civ. P. 37(a).

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii-iv). Evasive or incomplete responses "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

**ARGUMENT**

Courts are granted broad discretion in controlling discovery matters. *Beijing Choice Electronic Tech. Co., Ltd. V. Contec Med. Sys. USA Inc.*, 2020 WL 1701861, *3 (N.D. Ill. Apr. 8, 2020) (citing *McCarthy v. Option One Mort. Corp.*, 362 F.3d 1008, 1012 (7th Cir. 2004)). Specifically, the district court can employ wide discretion in ruling on a motion to compel. *Id.* (citing *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996)). Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1). The requirement that material sought in discovery should be relevant, while broadly interpreted, should be firmly applied by the courts. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L.Ed.2d 115 (1979). Relevant evidence includes any evidence that tends to make the existence of a fact of consequence to the action more or less probable. Fed. R. Evid. 401. In determining the scope of discovery, courts should consider: "the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit . . ." Fed. R. Civ. P. 26; *see also Simon v. Northwestern University*, 2017 WL 467677 (N.D. Ill., February 3, 2017).

All interrogatories – both the questions themselves and the answers – are governed by Rule 33. Fed. R. Civ. P. 33. In answering, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Put differently, a party must provide an answer to the extent possible for each interrogatory for which there is no valid objection. Indeed, "[a]n interrogatory is not objectionable merely because

it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2).

Rule 34 details the process for the production of documents. It states "[t]he responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34. Thus, a party is required to provide copies of documents at the time detailed in the party's request to produce. *See, Jackson v. City of Chicago*, 2017 WL 5478303 *2 n. 3 (November 14, 2017).

In this case, the aforementioned interrogatories and production requests certainly fall within the Federal Rules of relevancy. Plaintiff is claiming in this lawsuit that he was unjustifiably shot by Defendant Chicago Police Officer Christian Szczur, and as a result, remains permanently physically disabled, has suffered mentally, and is unable to provide for himself. *See* Plaintiff's Third Amended Complaint, ECF No. 91, *generally*. As a result, documents and information related to the damages Plaintiff is claiming, both with regards to his claims for lost wages and his ability to earn in the future, as well as his medical and mental health, including but not limited to his medical records and day in the life video, clearly fall within the purview of Fed. R. Civ. P. 26. *See* Fed. R. Civ. P. 26(b)(1). Furthermore, the photographs of Plaintiff's home used throughout numerous witness's depositions, are clearly relevant to the underlying events at issue. *See id.*

Plaintiff has failed to supplement his answers to Defendant Szczur's interrogatories and requests to produce for over six months, despite the Defendants' attorneys' good faith efforts to engage in multiple Rule 37.2 conferences. Plaintiff's answers to the Defendant Szczur's written

discovery requests are insufficient as written in that they are vague and incomplete and do not allow for Defendants to meaningfully proceed with discovery. Indeed as argued above, Plaintiff has failed to even identify treaters in his interrogatory responses which would at a minimum, allow Defendants to subpoena the records relevant to their investigation into Plaintiff's claimed damages. Furthermore, neither Plaintiff's Fed. R. Civ. P. 26(a) responses or his responses to interrogatories allow Defendants to properly assess which depositions to proceed with, as Defendants are not able to ascertain which witnesses disclosed are claiming to have knowledge of the underlying incident or Plaintiff's damages resulting therefrom. *See* Ex. A.

As Defendants require the supplemental discovery outlined above in order to effectively proceed with depositions of witnesses, including Plaintiff himself, and in order to obtain necessary experts. Defendants are currently unable to significantly proceed with discovery, as Plaintiff has not provided any substantial information related to his damages. For the above stated reasons, Defendants respectfully request this Court compel Plaintiff to supplement his answers to interrogatory numbers 3, 4, 8, 10-14, 17, 18, 20, 21, and 23 of Defendant Szczur's First Set of Interrogatories and request numbers 2, 3, 7, 14, 15, and 28 of Defendant Szczur's First Set of Requests to Produce in order to determine information relating to Plaintiff's lost wages, his medical and mental health treatment for the last 10 years, including treaters, the photographs of Plaintiff's home used throughout various witness depositions, and videos referenced in Plaintiff's January 31, 2020 correspondence and his responses to request number 2 of Defendant Szczur's First Request to Produce. In addition, Defendants respectfully request this Court compel Plaintiff to supplement his Rule 26(a) disclosures in order to determine which witnesses disclosed are claiming to have knowledge of the underlying incident and/or Plaintiff's damages resulting thereof.

## **CONCLUSION**

For the reasons discussed above, the Court should compel Plaintiff to supplement his responses to Defendant Szczur's First Set of Interrogatories and First Set of Requests to Produce before Friday, August 7, 2020.

Date: July 24, 2020

Respectfully submitted,

MARK A. FLESSNER
Corporation Counsel for the City of Chicago

*/s/ Cheryl L. Friedman*
Cheryl L. Friedman
Assistant Corporation Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
Tel: (312) 744-4038
Attorney No. 6318488


*/s/Allison Romelfanger*
Allison Romelfanger
Assistant Corporation Counsel Supervisor
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
Tel: (312) 744-5890
Attorney No. 6310033

**<u>Certificate of Service</u>**

      I hereby certify that on July 24, 2020, I electronically filed the foregoing **Defendants' Joint Motion to Compel** with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                              */s/ Cheryl L. Friedman*
                                              Cheryl L. Friedman
                                              Assistant Corporation Counsel

Case: 1:18-cv-06313 Document #: 104 Filed: 07/24/20 Page 9 of 9 PageID #:1036