**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN MENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-cv-6313 |
| | ) | Judge Marvin E. Aspen |
| CITY OF CHICAGO, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Before us are Defendant Officers Szczur and Cook's Motion to Strike Portions of Plaintiff's Third Amended Complaint (Mot. Strike (Dkt. No. 97)) and all Defendants' Joint Motion to Compel (Mot. Compel (Dkt. No. 104).)  For the following reasons, we grant the motion to strike, additionally strike Count X, and grant in part and deny in part the motion to compel.  Pertaining to the motion to compel, we grant it as to Interrogatory Nos. 3, 4, 6, 8, 10, 11, 13, 14, 17, 18, 20, 21, and 23, and Requests for Production Nos. 2, 3, 14, 15, and 28.  We deny it as to Interrogatory No. 12 and Request for Production No. 7.  We additionally grant Defendants' motion to compel Mendez to supplement his Rule 26(a) disclosures.  Mendez shall comply with this Order and supplement his discovery accordingly within 14 days.  Additionally, the parties shall file a joint status report in 21 days that shall include a discovery plan (including an expert discovery schedule) and an update as to Mendez's compliance with this Order.

**BACKGROUND**

This lawsuit arises from Mendez's allegations that certain City of Chicago police officers unlawfully entered his property in response to reports of gunshots then chased after him when he

fled and shot him in the back. (Third Amended Compl. ("TAC") (Dkt. No. 91) at ¶ 6.)  Plaintiff alleges, among other things, that this incident paralyzed him for life. (*Id.* ¶ 16.)  Plaintiff brings numerous claims: excessive force (Count I), unconstitutional search & seizure (Count II), deprivation of liberty without probable cause (Count III), deprivation of bodily integrity (Count IV), *Monell* claims (Counts V and X), state law tort claims (Counts VI – VIII), and a claim for an unconstitutional search (Count IX).

## ANALYSIS

### I.     Motion to Strike (Dkt. No. 97)

We may strike portions of pleadings that are redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f).  Motions to strike are generally disfavored because they "potentially serve only to delay." *Helle Fin., Inc. v. Midwhey Powder Co., Inc*., 883 F.2d 1286, 1294 (7th Cir. 1989).  Courts should only strike claims that are clearly mistitled or redundant. *See Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000).

The motion to strike's crux is that Plaintiff's TAC repleads claims that we dismissed from Second Amended Complaint ("SAC"). (October 2019 Order (Dkt. No. 73).)  In our October 2019 Order, we partially dismissed the SAC's claim for liability by way of *Monell* (Count V) insofar as it alleged a pattern of unlawful searches, (October 2019 Order at 8 and 17) partially dismissed Count II's claim for failing to state a claim of unlawful seizure until Officer Szczur allegedly shot him in the back, (*id.* at 11) entirely dismissed the claim for deprivation of liberty without probable cause (Count III), and entirely dismissed the claim for deprivation of bodily integrity (Count IV). (*Id.*)  After we issued that ruling, Mendez filed his TAC.  The TAC named a new defendant, Officer David Cook, added new claims for unconstitutional search (Count IX) and a new *Monell* claim (Count X) based on the same set of allegations on which our October

2019 Order ruling was based, and realleged the dismissed claims as placeholders to "preserve any appellate rights of Plaintiff as to this Count." (TAC at 5.)

     *a.    Placeholder Counts*

The placeholder counts are TAC Counts II, III, IV, and V. These placeholders parrot:

> This count was contained within Plaintiff's Second Amended Complaint at Law, paragraph numbers [#] through [##], and was dismissed by the Court in response to Defendants' Motion over Plaintiff's objection and Response thereto. It is identified herein, but not restated in whole, in order to preserve any appellate rights of Plaintiff as to this Count.

(TAC at 5.) These placeholder counts are clearly redundant, immaterial, and impertinent to their stated purpose of preserving appeal. *See Smith v. Nat'l Health Care Serv. of Peoria*, 9434 F.2d 95, 96 (7th Cir. 1991); *Bastian v. Petren R. Corp.*, 892 F.2d 680, 682-83 (7th Cir. 1990).

Regarding TAC Counts III and IV, we grant the motion to strike and strike Counts III and IV from the Third Amended Complaint because those two counts replead counts that we previously entirely dismissed.

As for TAC Counts II and V, those counts assert appellate placeholders for counts we partially dismissed from the SAC. In the October 2019 Order, we partially dismissed the part of SAC Count II that alleged a seizure before Mendez was shot. (October 2019 Order at 8, 11, and 17.) That Order also partially dismissed the part of SAC Count V that alleged a *Monell* claim based on a pattern of unlawful searches. (*Id.*) Mendez's repleading is thus clearly redundant, immaterial, and impertinent. So, we partially strike TAC Counts II consistent with our partial dismissal of SAC Counts II.

In sum, we entirely strike TAC Counts III and IV and partially strike TAC Counts II and V as duplicatively pleaded claims that are clearly redunant, immaterial, and/or impertinent pleadings under Rule 12(f).

3

      *b.*     *The TAC's New Claims*

The TAC brings two new claims for unconstitutional search (Count IX) and a new *Monell* claim (Count X). Defendants Szczur and Cook suggest these counts are redundant of, respectfully, SAC Counts II (unconstitutional search & seizure) and V (*Monell*).

      *1.*     *TAC Count IX*

SAC Count II alleged that Officer Szczur violated Mendez's right to be secure in his person against unreasonable searches and seizures and his right to due process was violated when Defendant Szczur detained him, pursued him, then shot him in the back while he fled. (SAC ¶¶ 20-21.) TAC Count IX alleges that Defendants Szczur and Cook violated those same rights based on virtually identically factual allegations. (TAC ¶ 63.) The only differences we see between these claims are their titles (*Compare* TAC at 8 ("Unconstitutional Search") *with* SAC at 4 ("Unconstitutional Search & Seizure")) and the addition of Officer Cook as a named defendant. But neither of these differences leads us to depart from the legal conclusion we reached in our October 2019 Order because the underlying facts between the SAC and TAC fundamentally overlap. [1] Had there had been a pertinent difference or non-redundancy between TAC Count IX and SAC Count II, Mendez should have highlighted in in his Response. Instead, Mendez's Response perfunctorily stated that he "adopts the facts, law and argument, as if fully set forth herein, contained within his Responses to Defendants' Motions to Dismiss Plaintiff's Counts II, III and IV [ ] and Count V [ ] of Plaintiff's Second Amended Complaint at Law." (Response to R. 12(f) Mot. (Dkt. No. 102).) We thus conclude that TAC Count IX should receive the same treatment that we gave SAC Count II in our October 2019 Order. Accordingly, TAC Count IX is stricken consistent to our October 2019 Order, that is, its allegations that a

---

[1] We do not strike Count IX entirely as *duplicative* because it brings this claim against a new defendant.

seizure occurred before Mendez was shot are stricken. (*See* October 2019 Order at 11 ("Plaintiff . . . does not have a claim to unlawful seizure until [the officer] shot him in the back."))

>      2.      *TAC Count X*

TAC Count X suffers a similar downfall to TAC Count IX.[2]  SAC Count V and TAC Count X allege a *Monell* claim against the City of Chicago that it had a Policy, Custom, or Usage that violated Mendez's constitutional rights.  (TAC ¶¶ 64 – 87; SAC ¶¶ 32 – 50.)  We cannot identify a material or pertinent difference between TAC Count X and SAC Count V.  Following the spirit of our holding respecting TAC Count IX, we strike the "new" *Monell* claim (TAC Count X) as clearly redundant and duplicative of TAC and SAC Count V. *See, e.g.*, *Meadoworks, LLC v. Linear Mold & Eng'g, LLC*, No. 1:19-CV-7896, 2020 WL 4194211, at *2 (N.D. Ill. July 21, 2020) ("Courts will find two claims duplicative only if they contain the same factual allegations and the same injury.") (citing *Shaffer v. Respect, Inc.*, Case No. 97-cv-4482, 1999 WL 281345, at *3—*5 (N.D. Ill. Mar. 30, 1999) and *Nagy v. Beckley*, 578 N.E.2d 1134 (Ill. 1991)).

>      *      *      *

For the foregoing reasons, we entirely strike TAC Counts III, IV, and X, and partially strike parts of TAC Counts II, V, and IX consistent with our October 2019 Order.   We do so for consistency with the October 2019 Order.

## II.     **Motion to Compel (Dkt. No. 104)**

Defendants jointly filed a motion to compel Mendez's answers to its discovery requests. (Mot. Comp. (Dkt. No. 104).)  Specifically, Defendants request an order compelling Mendez to respond fully with respect to Interrogatory Nos. 3, 4, 6, 8, 10, 11, 12, 13, 14, 17, 18, 20, 21, and

---

[2] Rule 12(f) allows a court to act on its own or on motion made by a party.  No defendant moved to strike TAC Count X in its entirety.  We do so on our own. *See* Fed. R. Civ. P. 12(f)(1).

23; Request for Production Nos. 2, 3, 7, 14, and 28; and to supplment his Rule 26(a) disclosures. For the reasons stated below, Defendants' motion to compel (Dkt. No. 104) is granted in part and denied in part.

In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) applies. Rule 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party requesting discovery bears the initial burden to establish its relevancy. *See, e.g.*, *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993); *Bell v. Pension Comm. of ATH Holding Co.*, LLC, 330 F.R.D. 517, 525 (S.D. Ind. June 14, 2018); *West v. Miller*, No. 05-cv-4977, 2006 WL 2349988 at *2 (N.D. Ill. Aug. 11, 2008). "If the discovery appears relevant, the party objecting to the discovery request bears the burden of showing why that request is improper." *Eternity Mart, Inc. v. Nature's Sources, LLC*, No. 19-CV-02436, 2019 WL 6052366, at *2 (N.D. Ill. Nov. 15, 2019) (citing *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2005 WL 1300778, at *1 (N.D. Ill. Apr. 28, 2005) and *Rubin v. Islamic Republic of Iran*, 349 F.Supp.2d 1108, 1111 (N.D. Ill. 2004)).

   *a.    Interrogatories*

Interrogatories are governed by Rule 33. Fed. R. Civ. P. 33. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

1.    *Interrogatory No. 3*

Interrogatory No. 3 requests information related to Mendez's criminal history. (Mot. Comp. Ex. C1 (Dkt. No. 104-4) at 3.) This is routinely discoverable and seeks information that is relevant and proportional to the needs of the case and is not overly burdensome. Defendants contend that Mendez failed to adequately answer this question by failing to answer some of its ten subparts like dates of arrests, the arresting law enforcmeent agency, the judicial jurisdiction, and the case's disposition.  Without objection, Mendez's answer was"

> Plaintiff was arrested on a possession of controlled substance charge many years ago for which he received house arrest.  Plaintiff was also arrested and charged with domestic violance; also many years ago, he does not remember the details of the resolution or as to other information requested.  Reserve the right to supplement.

(*Id.*)  Mendez contends in his Response to the motion to compel that he "produced a copy of his criminal file which also contained his criminal history.  Plaintiff has complied with this discovery request." (Resp. Mot. Compl. (Dkt. No. 106) at 2.)  But, Mendez's Answer to Interrogatory No. 3 did not provide that information whether by way of an explicit statement or an indirect incorporation by citing to other produced documents (like the supposed criminal file referenced in the Response brief) that contain the requested detailed information. (*See id.*)  Thus, Mendez does not live up to his Rule 33(b) obligations.  We therefore grant Defendants' motion with respect to Interrogatory No. 3 and compel Mendez to supplement his answer by either explitly answering the interrogatory's subparts or pinciting to the relevant batestamped document he says he produced as part of this case's discovery.

2.    *Interrogatory No. 4*

Defendants' Interrogatory No. 4 asks Mendez to list the names and contact information of anyone with factual knowledge of the lawsuit's allegations.  (Mot. Comp. Ex. C1 at 4.)  This

interrogatory seeks a brief description of the nature of the facts or knowledge that each

individual may possess. (*Id.*)  He answered by listing eight individuals without describing the

nature of the facts or knowledge that they may possess.  (*Id.*)  His answer did not object to the

the extent that this interrogatory asked for information about the facts or knowledge each listed

person may have and so he waived that position. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for

objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely

objection is waived unless the court, for god cause, excuses the failure.")  Nevertheless, had he

objected to that request, we would have overruled it.  First and foremost, this information is

relevant and straight forward so it is proportional to the needs of the case and is not overly

burdensome.  As to Mendez's argument that he need not speculate as to what witnesses will

testify to, (Resp. Mot. Compel. at 2) this interrogatory does not ask that.  (Mot. Comp. Ex. C1 at

4.)  It rather simply asks him to "briefly describe the nature of the facts or knowledge you

believe that individual may possess." (Mot. Comp. Ex. C1 at 4.)  That is a subtle but important

difference and courts commonly allow similiar interrogatories. *See, e.g.*, *Gingerich v. City of*

*Elkhart Prob. Dep't*, 273 F.R.D. 532, 540 (N.D. Ind. 2011) (allowing an interrogatory that

"sought information concerning potential witnesses and their knowledge about th[e] case"

because that information fell "squarely within the scope of discovery").  Thus, we order Mendez

supplement his answer to Interrogatory No. 4 by providing a brief description of the factual

nature or knowledge about his allegations that he believes each named individual may possess.

### 3.     *Interrogatory No. 6*

Interrogatory No. 6 requests Mendez identify anyone he communicated with regarding

this case's underlying facts or allegations. (Mot. Comp. Ex. C1 at 4.)  It also asks him to identify

the communication, state whether any documents exist that relate to that communication, and to

identify such documents. (*Id.*)  Mendez's answer did not include an objection.  Rather it perfunctorily reads "Plaintiff, Elba Felix. Investigation continues." (*Id.*)  Mendez's Response does not discuss Interrogatory No. 6.[3]  We cannot imagine a non-priviledge based argument that would render this routine interrogatory objectionable.  And it certainly seeks information that is relevant to the lawsuit in a proportional and not overly burdensome way.  We order Mendez supplement his answer to Interrogatory No. 6 by providing the non-privileged information requested.

4.      *Interrogatory No. 8*

Interrogatory No. 8 asked whether Mendez claims lost income and/or lost wages, and if so, to state certain requested facts related to such claimed damages. (Mot. Comp. Ex. C1 at 6.) Mendez objected in part and answered in part to that request. (*Id.*)  Insofar as an answer, Mendez stated that he is claiming lost past and future wages, and other past and future financial damages in this case and that those damages are being calculated. (*Id.*)  To the extent he objected, he stated that it was "premature insofar as this matter is in the initial investigation stage, and subject to ongoing discovery." (*Id.*)  Mendez reasons that this information is premature because "damages pertaining to the nature and extent of lost wages and other financial damages is a matter subject to expert analysis and opinion" and that no expert disclosure deadline has been set. (Resp. Mot. Comp. at 2.)  Discovery into facts relevant to lost income and/or wages is chiefly an issue for fact discovery. *See Roland v. Salem Contract Carriers, Inc.*, 109 F.R.D. 424, 426 (N.D. Ind. 1986) (holding that defendants were entitled to dismissal where the plaintiff

---

[3] Page two of Defendants' motion to compel states that Mendez "failed to identify if documents exist related to communications relevant to the events at issue as requested in interrogatory no. 6." (Mot. Comp. at 2.)  Yet elsewhere in their motion it omits Interrogatory No. 6 from their requested relief. *See, e.g.*, (*Id.* at 7 ("Defendants respectfully request this Court compel Plaintiff to supplement his answers to interrogatory numbers 3, 4, 8, 10-14, 17, 18, 20, 21, and 23")  We proceed understanding that the omission from page seven is a scrivener's error.

refused to answer "routine" interrogatories issued as part of fact discovery that sought lost wages, among other things). Although forecasting future lost wages or salary may require an expert's opinion, information about Mendez's earnings leading up to the incident and confirmation that he no longer received income afterwards is relevant, proportional, not burdensome, and does not require an expert's opinion. *See id.* Should the parties require expert witnesses to forecast the future impact on Mendez's earning capacity, they may inquire further into that during expert discovery. To the extent that this interrogatory seeks an answer as to Mendez's *past* lost income or wages, he is ordered to supplement his answer to this Interrogatory.

     5.    *Interrogatory No. 10*

Interrogatory No. 10 looks into Mendez's medical care or treatment. (Mot. Comp. Ex. C1 at 6). Specifically, it asks Mendez to provide basic information like the names of his providers, examination dates, the nature of his care, and the amount he was billed for the services, and any medical institutions that treated him. (*Id.*) Mendez's Answer was that his "medical treatment was provided by the Chicago Fire Department . . . [,] Mt. Sinai Hospital . . . . Answering further see medical records." (*Id.*) Although the medical records should convey much of the interrogatory's requested information, we think that Mendez is best positioned to accurately and efficiently provide this information in interrogatory answer. And since his answer appears to swear that he only received treatment from the Chicago Fire Department and Mt. Sinai Hospital, the information requested in this interrogatory is both proportional to the needs of the case and not unduly burdensome.[4]

---

[4] We note the parties' apparent disagreement as to whether Mendez produced all his relevant medical records. (*Compare* Mot. Comp. at 2 (conveying that Mendez "failed to . . . provide [medical record] documents as requested pursuant to request for production nos. 3 & 7") *with* Resp. Mot. Comp. at 3 ("Defendants have been provided with the answers to this discovery

6. *Interrogatory No. 11*

Interrogatory No. 11 asks whether Mendez received healthcare treatment for any reason for medical problems other than those associated with the incident or injuries that form the basis of his complaint. (Mot. Comp. Ex. C1 at 7.) And if so, to provide the respective contact information, approximate dates for treatment, and the reason for treatment. (*Id.*) Mendez's answer states:

> Plaintiff had an extended hospital stay at Mt. Sinai Hospital. Answering further, see Plaintiff's medical records. Plaintiff has suffered from enormous and ongoing permanent depression. Plaintiff has not received formalized treatment from a psychiatrist or other medical professional but he intends on doing so. Reserve the right to supplement.

(*Id.*) Mendez's Response admits that this answer was deficient. (Resp. Mot. Comp. at 3.) We order Mendez supplement his response to Interrogatory No. 11 accordingly.

7. *Interrogatory No. 12*

The twelfth interrogatory inquires whether Mendez, prior to May 26, 2018, had sought healthcare services for any medical problems, including but not limited to, allegedly associated with his allegations. (Mot. Comp. C1 at 7.) And if so, it asks to provide information about those providers and that treatment. (*Id.*) Mendez's answer is "Not applicable." (*Id.*) Mendez clarifies in his response that by answering "Not applicable," he intended to convey an answer in the negative. (Resp. Mot. Comp. at 3.) That leaves nothing for us to compel. Defendants' motion is denied with respect to Interrogatory No. 12 because there is nothing for us to compel.

---

request by having been provided with Plaintiff's medical records.")) Mendez's answer to this interrogatory could shed light as to whether he indeed produced all relevant requested medical documents.

8.    *Interrogatory No. 13*

Interrogatory No. 13 asks "Are you claiming any psychiatric, psychological and/or emotional injuries as a result of this occurrence?" (Mot. Comp. C1 at 8.) And if so, to state additional information like the relevant symptoms, how such injuries impact his life, the treatment's nature, and contact information for providers. (*Id.*) Mendez's answer states that he is claiming such damages even though he has yet to receive psychological treatment and directs Defendants to the produced medical records and his answer to Interrogatory No. 11. (*Id.*) Consistent with our holding that Mendez's answer to Interrogatory No. 11 was insufficient, we hold here as Interrogatory No. 13 is insufficient because it incorporates the answer to Interrogatory No. 11. Mendez shall supplement his answer to Interrogatory No. 13. Further holding, he shall supplement his answer to explain his subjective basis for damages associated with his claimed psychological and/or emotional injuries.

9.    *Interrogatory No. 14*

Interrogatory No. 14 asks whether Mendez receives or received any disability benefits for any illness, condition, or injury from any source. (*Id.* at 9.) And if so, to describe each benefit including the timeframe that he received it. (*Id.*) Mendez's answered that he "is receiving $514.00 per month in Social Security Disability benefits for his permanent disability as a paraplegic. He also receives $198.00 in food stamps from the Illinois Department of Public aid." (*Id.* at 10.) We find that Mendez's answer is incomplete to the extent that no time period – as was requested in the interrogatory – was provided. Mendez is thus ordered to supplement his answer to Interrogatory No. 14 by providing information as to when the benefits began, whether the benefits are ongoing, and when he stopped receiving benefits if he stopped receiving a certain benefit. Additionally, Mendez shall supplement his answer to clarify the frequency that he

12

receives $198.00 in food stamps from the Illinois Department of Public Aid (*e.g.*, monthly, yearly, or other).

### 10.    Interrogatory No. 17

Interrogatory No. 17 requests photos, audio, and/or videos. (Mot. Comp. Ex. C1 at 11.) Mendez's answer states that he "has or intends to have video of him being transported to and from his home." (*Id.*)  Mendez's Response then clarified that that video has not yet been created. (Resp. Mot. Comp. at 3.)  We therefore grant Defendants' motion to compel and order Mendez provide the requested information whenever or if such a photo, audio, or video is created.

### 11.    Interrogatory No. 18

Interrogatory No. 18 asks Mendez to quantify all claimed monetary losses, including attorneys' fees incurred to date, expenses, lost business opportunity, or any other monetary damage claimed in this lawsuit. (Mot. Comp. C1 at 10—11.)  Mendez's bare answer: "These amounts are being calculated.  Reserve the right to supplement." (*Id.*)  Mendez shall supplement his answer to Interrogatory No. 18 with respect to any non-privileged monetary losses he incurred as a result of the allegations giving rise to this lawsuit.

### 12.    Interrogatory No. 20

Interrogatory No. 20 seeks information as to Mendez's alcohol or drug use within the 48 hours before the incident. (Mot. Comp. Ex. C1 at 13.)  And if any were consumed, to identify individuals from who it was obtained and individuals with knowledge of the consumption. (*Id.*) Mendez's answer: "Prior to the subject incident, Plaintiff had ingested Xanax, and may have ingested Petron Tequila.  Reserve the right to supplement." (*Id.*)  Then in Mendez's Response to the motion further answers that "Further detailed explication should be explored at deposition." (Resp. Mot. Comp. at 4.)  The Federal Rules of Civil Procedure do not allow a plaintiff to pick

and choose what information they will provide through interrogatories versus a deposition. *See* Fed. R. Civ. P. 33 advisory committee's note to 1947 amendments ("There is no reason why interrogatories should be more limited than depositions, particularly when the former represent an inexpensive means of securing useful information.") (internal citations omitted). The requested information is relevant to Mendez's condition during the incident, is proportional to the needs of the case, and would not be unduly burdensome to provide. And so, we hold that Plaintiff's response is insufficient. We order Mendez to provide the information requested in Interrogatory No. 20.

12.    *Interrogatory No. 21*

Interrogatory No. 21 asks Mendez whether he had conversations regarding the facts relating to the lawsuit's allegations with anyone besides his attorneys, and if so, with whom. (Mot. Comp. Ex. C1 at 12.) Mendez's answer contends that this question is unduly burdensome to answer because he had numerous responsive conversations. Mendez's Response brief postures that "this very same information is provided within Plaintiff's Initial Rule 26 disclosures." (Resp. Mot. Comp. at 4.) But this interrogatory is slightly different than the parameters of Rule 26(a)(1)(A)(i). That rule requires each party disclose the name and contact information for each individual likely to have discoverable information. *Id.* Here, the interrogatory does not so much seek discoverable information but the identities of individuals with whom Mendez had relevant conversations. Mendez fails to articulate why this information would be unduly burdensome beyond a perfunctory statement that he "had numerous discussions" and that those discussions "have occurred over many months and with individuals too numerous to identify at this time." (Mot. Comp. Ex. C1 at 12.) This broad statement alone is not enough to satisfy Rule 26's standard that "the party from whom discovery is sought must

14

show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B); *see also Eternity Mart, Inc.*, No. 19-CV-02436, 2019 WL 6052366, at *2 ("If the discovery appears relevant, the party objecting to the discovery request bears the burden of showing why that request is improper.") (citing *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2005 WL 1300778, at *1 (N.D. Ill. Apr. 28, 2005) and *Rubin v. Islamic Republic of Iran*, 349 F.Supp.2d 1108, 1111 (N.D. Ill. 2004)). Mendez's response leaves us guessing whether he had ten, twenty, a hundred, or a thousand conversations. And in any event, we think it would be reasonable and not unduly burdensome for Mendez to conduct a good faith attempt to name those individuals with whom he had relevant conversations. We therefore grant Defendants' motion with respect to Interrogatory No. 21. Mendez shall accordingly supplement his answer to Interrogatory No. 21.

### 13. *Interrogatory No. 23*

Interrogatory No. 23 seeks information as to Mendez's whereabouts in the two hours leading up to the alleged incident. (Mot. Comp. Ex. C1 at 13.) Mendez's answer objected on the basis that this request is subject to "multiple interpretations" as to "what specifically is being requested. (*Id.*) Mendez does not attempt to show how this request is subject to multiple interpretations. Nor can we imagine how this request is subject to multiple interpretations or otherwise confuse a respondent. We therefore overrule Mendez's objection and grant Defendants' motion to compel a response to Interrogatory No. 23.

### b. *Requests for Production*

Requests for Production are governed by Rule 34. Fed. R. Civ. P. 34. This rule requires a party served with an appropriate request, among other things, produce copies of documents or electronically stored information like writings, drawings, graphs, charts, photographs, sound

recordings, images, videos, and other data. *Id.* "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

       1.    *Request for Production No. 2*

Request for Production No. 2 asks for "all physical evidence . . . including copies of mailings and correspondence . . . concerning or regarding the incidents alleged in the Complaint, including, but not limited to pictures, videos, diagrams, blueprints, and drawings of any location where the events are alleged to have occurred." (Mot. Comp. Ex. C2 at 2—3.) Mendez's answer: "Objection, this request as worded is subject to multiple interpretations, thus placing an undue burden on the answerer to select which interpretation is intended." (*Id.*) Neither his objection nor his Response brief explains possible "multiple interpretations" that this request evokes, nor does he articulate how it would be unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2)(B) ("the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.") Nor do we think that this request is subject to multiple interpretations: it merely asks for documents describing the location where the events are alleged to have occurred (like blueprints). Nor can we imagine how producing these documents would amount to a burdensome endeavor. We therefore grant Defendants' motion to compel with respect to Request for Production No. 2.

       2.    *Request for Production No. 3*

Request for Production No. 3 seeks "documents relating to Plaintiff's pecuniary injuries and damages, including personal and real property damages." (Mot. Comp. Ex. C2 at 3.) Mendez's answer: "Objection, this request as worded is subject to multiple interpretations, thus placing an undue burden on the answerer to select which interpretation is intended. Without waiving said objection, see Plaintiff's medical records." (*Id.*) These requested documents are

16

fundamentally relevant to this case. Once again, Mendez's objection nor his Response brief explains possible "multiple interpretations" that this request yields, nor can we imagine how multiple interpretations can apply to this simple discovery request. We accordingly overrule Mendez's objection and order him to supplement his production by producing documents responsive to Request for Production No. 3.

> 3.    *Request for Production No. 7*

Request for Production No. 7 asks for "documents relating to any physical injuries and/or damages, Plaintiff alleges arise from the occurrence alleged in the Complaint, including, but not limited to medical records and reports." (Mot. Comp. Ex. C2 at 4.) The parties are at a disagreement over whether the medical records were fully produced. Defendants do not cite a reason to believe that Mendez's medical record production is incomplete. Nevertheless, since Mendez submits that he produced all his responsive medical records to the Defendants, there is nothing for us to compel. (Resp. Mot. Comp. at 5.) We accordingly deny Defendants' motion as it pertains to Request for Production No. 7. Defendants may bring another motion should they become able to articulate a basis for their belief that Mendez's medical record and bill production is incomplete.

> 4.    *Request for Production No. 14*

Request for Production No. 14 seeks documents relating to lost wages, earnings, or income allegedly incurred as a result of the alleged altercation. (Mot. Comp. Ex. C2 at 6.) It defines its scope as including documents like paystubs, W-2 forms, 1099 forms, and income tax returns filed by Mendez. (*Id.*) We think it could also include bank statements showing deposits into Mendez's bank account(s). Mendez's answer says that he is "in possession of no documents responsive to this request." (*Id.*) But Rule 34 does not limit itself to documents that are in a

17

party's possession, it also requires a party to produce documents within its custody or control. *See* Fed. R. Civ. P. 34(a)(1) ("possession, custody, or control.") Mendez has not answered whether these documents are within his custody or control. Accordingly, we grant the motion and order Mendez's supplement his answer to Request for Production No. 14 by stating whether such documents are in his custody or control. If they exist within his possession, custody, or control, he shall produce them. If they are not in his possession, custody, or control, yet exist in the possession, custody, or control of another person or entity, Mendez shall state that and point Defendants towards the third party that has such responsive documents.[5]

### 5. *Request for Production No. 15*

Request for Production No. 15 seeks production of "documents relating to insurance coverage for any injuries, losses, or damages suffered by Plaintiff as a result of Defendants' alleged conduct, including, but not limited to, policies, claim forms, [and] correspondences." (Mot. Comp. Ex. C2 at 6.) Mendez's answer is that he "is in possession of no documents responsive to this request." (*Id.*) Again, as we explained above, Rule 34 does not limit itself to documents that are in a party's possession, it also requires a party to produce documents within its custody or control. *See* Fed. R. Civ. P. 34(a)(1) ("possession, custody, or control.") Mendez has not answered whether these documents are within his custody or control. Accordingly, we grant the motion and order Mendez's supplement his answer to Request for Production No. 15 by stating whether such documents are in his custody or control. If they exist within his possession, custody, or control, he shall produce them. If they are not in his possession, custody, or control, yet exist in the possession, custody, or control of another person or entity, Mendez shall state that

---

[5] Should Mendez be unable to produce any documents evidencing lost wages, earnings, or income allegedly incurred as a result of the alleged incident giving rise to this lawsuit, it would seem to us that Mendez did not make any money for the responsive time period leading up to the incident.

and point Defendants towards the third party that has such responsive documents

**6.    *Request for Production No. 28***

Request for Production No. 28 seeks "all documents that Plaintiff is requested [sic] to identify in *any* Defendant's [sic] Interrogatories to Plaintiff, that are identified or referred to in preparing Plaintiff's answers to those interrogatories, or from which any information in the answers to those interrogatories were derived." (Mot. Comp. Ex. C2 at 9.)  Mendez's answer objected to this request as "subject to multiple interpretations, thus placing an undue burden on the answerer to select which interpretation is intended." (*Id.*)  Then stated that he is "in possession of no such documents." (*Id.*)

First, this answer is deficient under the Federal Rules of Civil Procedure.  As explained above, neither Mendez's objection nor his Response brief explains possible "multiple interpretations" that this request yields, nor can we imagine how multiple interpretations can apply to this simple discovery request.  Mendez's answer is additionally unsatisfactory under the Federal Rules of Civil Procedure because it once again ignores the Rules' requirement to produce documents in one's custody or control, in addition to possession. *See* Fed. R. Civ. P. 34(a)(1) ("possession, custody, or control.")  Mendez has not answered whether these documents are within his custody or control.  Accordingly, we grant the motion and order Mendez's supplement his answer to Request for Production No. 28 by stating whether such documents are in his custody or control.  If they exist within his possession, custody, or control, he shall produce them.  If they are not in his possession, custody, or control, yet exist in the possession, custody, or control of another person or entity, Mendez shall state that and point Defendants towards the third party that has such responsive documents.

19

Secondly, to the extent that Mendez's answer purports that he is not in possession of any documents that he referenced in preparing his answers to the interrogatories, that position is contradictory. Indeed, Mendez explicitly stated in his interrogatories that he did indeed reference documents in preparing his interrogatories. (*See, e.g.*, Mot. Comp. Ex. C1 at 6 ("Answering further see medical records.") Thus, Mendez's answer that he "is in possession of no such documents" seems erroneous to us. Mendez's is ordered to supplement his response to this discovery request and correct his erroneous statement.

c.    *Rule 26(a) Disclosures*

Defendants additionally move to compel Mendez to supplement his Rule 26(a) disclosures to determine which disclosed witnesses claim knowledge of the underlying incident and/or Mendez's resulting damages. (Mot. Comp. at 7.)  Under Rule 26(e), a "party who has made a disclosure under Rule 26(a) . . . must supplement or corrects its disclosure or response" "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect" or as ordered by the court. Fed. R. Civ. P. 26(e).  We order Mendez supplement his Rule 26(a) disclosures consistent with our discovery holdings contained herein by, among other things, providing information about which disclosed witnesses may claim to have knowledge of the underlying incident and/or Mendez's resulting damages.

*         *         *

For the foregoing reasons, we grant Defendants' motion to compel as to Interrogatory Nos. 3, 4, 6, 8, 10, 11, 13, 14, 17, 18, 20, 21, and 23, and as to Requests for Production Nos. 2, 3, 14, 15, and 28.  We deny Defendants' motion to compel as to Interrogatory No. 12 and Request for Production No. 7.  We additionally grant Defendants' motion to compel Mendez to supplement his Rule 26(a) disclosures.  Mendez has 14 days to comply with this Order.

20

## CONCLUSION

As detailed above, we grant the motion to strike, additionally strike Count X, and grant in part and deny in part the motion to compel. Mendez has 14 days to comply with this Order by supplementing his discovery responses. Additionally, the parties shall file a joint status report in 21 days that shall include a proposed discovery plan (including an expert discovery schedule) and an update as to Mendez's compliance with this Order. It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: August 14, 2020