**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUAN MENDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 18-cv-6313 |
| ) | Judge Marvin E. Aspen |
| CITY OF CHICAGO, ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Before us is Plaintiff's amended motion to compel Defendants' discovery responses. (Mot. Comp. (Dkt. No. 109).) For the following reasons, we deny Plaintiff's amended motion to compel. (*Id.*) Additionally, since Plaintiff filed an amended version of his motion, we deny the original motion to compel as moot. (Dkt. No. 108.) The hearing on Plaintiff's motion for extension of time to complete fact discovery set for August 27, 2020 stands.

**BACKGROUND**

This lawsuit arises from Mendez's allegations that certain City of Chicago police officers unlawfully entered his property in response to reports of gunshots then chased after him when he fled and shot him in the back. (Third Amended Compl. ("TAC") (Dkt. No. 91) at ¶ 6.) Plaintiff states that a "critical fact issue in this case is whether . . . Plaintiff was holding, and pointing at Defendant Officers, a gun at the time he was shot in the back." (Amend. Mot. Comp. at 2.)

**I.   Body Camera Footage**

Plaintiff first asks us to compel Defendants to produce and allow access to "the voluminous Body Worn Camera [ ] video created from this incident in a format which allows for

the video to be viewed in a frame by frame format." (Mot. Comp. at 3.) Alternatively, Plaintiff asks that we compel Defendants "to provide the software, or other means, necessary to view the [footage] in this manner." (Mot. Comp. at 5.) Plaintiff's relevant Request for Production seeks "Any and all documents identifying or referencing any and all Body Worn Camera or Videos present at the scene of the subject incident." (Resp. to Req. Prod. (Dkt. No. 109-7) at 7.) And the City response indicated that they produced such footage: "Defendant City refers Plaintiff to Body Worn Camera Footage – May 26, 2018 (FCRL000144—000149).

Parties need only produce requested electronically stored information (like a video) in the form that it is "ordinarily maintained or in a reasonably usable form" and a "party need not produce the same electronically stored information in more than one form." Fed. R. Civ. P. 34(b)(2)(E)(ii)-(iii).

The record shows that the City produced the requested video footage. (*See, e,g.*, Emails Dated Jan. 13, 2020 (Dkt. No. 109-2) at 2.) Indeed, Plaintiff seems to recognize that because he also raises a mere technical obstacle: he wants to view this footage frame by frame (like Defendants can) but does not have the software to do so. (Mot. Comp. at 5 (requesting a Court Order that the City provide certain video viewing software so he can view the footage frame by frame).) The City's discovery correspondence is abundantly clear that they produced the requested video footage in the format that they store it in and that the viewer must use third-party video-viewing software to view it frame by fram. (*See, e.g.*, *id.* ("As I have stated prior, the [footage] was produced to you exactly as we have it. The photographs you received in the production of the [footage] were by a detective who himself, found a program to view the [footage] frame-by-frame. As I explained, evidence.com does not store [the footage] 'frame-by-frame.'").) Since the City does not store body camera footage in a frame by frame format, there

is nothing additional for us to compel be produced so Plaintiff's motion is denied in that respect. *See* Fed. R. Civ. P. 34(b)(2)(E)(ii)-(iii). As for Plaintiff's request that we alternatively compel the City to provide Plaintiff with software necessary to view the footage frame by frame, we also deny that request. That request is akin to asking for an order compeling a producing party to pay for a Microsoft Office license so that the requesting party can view produced documents saved in a Microsoft Office format. We are unaware of any case law suggesting that that has ever been compelled. Nor do we think any judge would come to such a holding. Should Plaintiff wish to view the produced footage in a different format, and is unable to do so with his current software, he can independently acquire the necessary software.[1]

Plaintiff's motion to compel is denied as to body camera video footage.

## II. The Civilian Office Of Police Accountability's File

Plaintiff next seeks his Civilian Office of Police Accountability ("COPA") file. (Amend. Mot. Comp. at 5.) Plaintiff postures that Defendants conveyed an intent to produce the COPA file but has yet to do so. (*Id.*) But, as an example, Defendants' Counsel Allison Romelfanger emailed Plaintiff's Counsel that the COPA file was produced encompassed within a spreadsheet that contains additional attachments compromising the COPA file. (*See, e.g.*, Emails Dated Jan. 13, 2020 at 1.) Specifically, Romelfanger directed Plaintiff's Counsel to batestamp numbers FCRL 2500-2879, 2880-2897, 2898-2899, 2918-3125, 4597-4740 as "documents comprising of the COPA file." (*Id.*) Plaintiff's motion is thus denied because the record shows that Defendants produced the COPA file.

---

[1] We direct Plaintiff's Counsel to the Defendants' good faith and helpful recommendation that Plaintiff consider downloading various software programs that would allow him to view the produced footage frame by frame. (Defendants' Response (Dkt. No. 114) at 4.)

To the extent that Plaintiff seeks an Order compelling Defendants to complete outstanding aspects of the investigation and produce relevant files, we also deny that request. A request for production is used to obtain documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(2)(E)(i). This means that a party responding to requests for production need not create new documents to comply with a request. Thus, we cannot and will not compel Defendants to create an investigatory file that does not already exist.

We also deny Plaintiff's request to produce an unredacted COPA file. Plaintiff does not articulate a basis to suggst that Defendants' redactions are improper. (Mot. Comp. at 5.) Defendants on the other hand contend that the redactions are limited to personal identifying information like birthdates. Plaintiff gives us no reason to believe that such information is relevant to his claim. Fed. R. Civ. P. 26(b)("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). We thus deny Plaintiff's motion as to the COPA file's redactions.

### III. The Illinois State Police File

Plaintiff asks for an Order compelling Defendants – the City of and individually named Chicago police officers – produce the entire, unredacted, Illinois State Police file. (Mot. Comp. at 5—6.) A party responding to Requests for Production need only produce materials that are within their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A party seeking the production of documents bears the burden of establishing that the opposing party has control over the documents they seek. *Meridian Labs. Inc. v. OncoGenerix USA, Inc.*, 333 F.R.D. 131 (N.D. Ill. Sept. 25, 2019). Plaintiff has not shown whatsoever that Defendants (primarily, the City of Chicago) has a legal right to demand documents from the Illinois State Police. The City of Chicago is a fundamentally separate entity controlled by separate governing bodies. The

Chicago Police Department is not part of the Illinois State Police. It appears that whatever documents Defendants produced with respect to the Illinois State Police Department were obtained by way of subpoena. (Resp. to Req. Prod. at 6—7.) Plaintiff has the same ability to seek third party discovery from the Illinois State Police and may separately do so.

Nevertheless, the City produced the documents it obtained from subpoenaing the Illinois State Police. (Resp. to Req. Prod. at 7 (citing Batestamped FCRL 000321-000325 and FCRL 011916-011960.) Incredibly, despite Plaintiff's motion's request that these documents be produced in an unredacted format, Defendants state that their production "did not redact any information from the Illinois State Police file . . .." (Resp. to Req. Prod. at 7.) That moots the redaction component.

For these reasons, we deny Plaintiff's motion to compel the Illinois State Police file.

**IV.    Depositions**

Rule 30 governs depositions by oral examination. Fed. R. Civ. P. 30. Generally, a party may depose any person without leave of court by issuing a Rule 45 subpoena under Rule 45.

**A.    Officers Szczur and Cook**

Plaintiff says that he has repeatedly requested the deposition of Defendant Officers Szczur and Cook and that they have failed to be made available for depositions. (Mot. Comp. at 6—7.) Plaintiff thus asks for an order making these two officers available for deposition no later than September 11, 2020. (*Id.*) This request is mooted by these officers' extreme cooperation in making themselves available for deposition. For example, back in February 2020, they offered to be available for depositions in March 2020. (Email dated February 6, 2020 (Dkt. No. 114-1) at 2.) We see no reason to think that Defendant Officers Szczur and Cook are improperly avoiding

their depositions. We need not Compel Defendant Officers Cook and Szczur do what they already said they would do. Plaintiff's motion regarding these two depositions is thus denied.

### B. Officer Root

Plaintiff also asks us to compel Officer Root's deposition by September 11, 2020. (Mot. Comp. 7—8.) Officer Root's deposition was originally scheduled for August 18, 2020 by agreement of the parties. (*Id.*) But that deposition was canceled due to Plaintiff's Counsel's COVID-19 diagnosis. (*Id.*) According to emails sent from Assitant Corporation Counsel Stephanie Sotomayor, Officer Root is on vacation from August 21 through mid september. (Emails dated August 12, 2020 (Dkt. No. 114-6) at 1.) So Sotomayor, showcasing a good faith effort to cooperate in discovery, offered October 1, 2020 as a proposed date for Officer Root's deposition. (*Id.*) That is three days before the present fact discovery deadline. Plaintiff does not explain why that date's proximity to the fact discovery close is unworkable. Indeed, litigants often take depositions up until the very last day of fact discovery. Plaintiff's motion is thus denied with respecct to Officer Root's deposition.

### C. Officer Trakes and Detective Chiocco

Last, Plaintiff perfunctorily requests an Order compelling a "non-exhaustive list" of officers including Officer Trakes and Detective Chiocco be made available for a deposition by September 11, 2020. (Mot. Comp. at 7—8.) Plaintiff does not contend that these witnesses are improperly avoiding a deposition. Nor does Plaintiff explain why these witnesses should be deposed by September 11, 2020 rather than by the October 4, 2020 fact discovery close date. We decline to raise these arguments on Plaintiff's behalf. *See Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008) (holding that it is not the Court's job to develop arguments for a party). On top of that, as explained above with regard to Officer Root and the

defendant officers, the City has been cooperating in good faith to schedule officer depositions in this case. Thus, we deny Plaintiff's motion as to depositions of a a "non-exhaustive list" of officers that includes Officer Trakes and Detective Chiocco.

## CONCLUSION

For the foregoing reasons, Plaintiff's amended and original motion to compel are denied. (Dkt. Nos. 108 and 109.) The hearing on Plaintiff's motion for extension of time to complete fact discovery set for August 27, 2020 stands. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: August 24, 2020