IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN MENDEZ, ) | |
| ) | |
| Plaintiff, ) | Case No 18 C 6313 |
| ) | |
| v. ) | |
| ) | Judge Marvin E. Aspen |
| CITY OF CHICAGO, ET AL.; ) | |
| ) | Magistrate Judge Maria Valdez |
| Defendants. ) | |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE RULING OF THE MAGISTRATE JUDGE DATED JANUARY 27, 2021**

NOW COME Defendants, City of Chicago ("City"), by and through its attorney, Celia Meza, Acting Corporation Counsel, and Officers Christian Szczur and David Cook ("Defendant Officers"), by and through one of their attorneys, Allison L. Romelfanger, Assistant Corporation Counsel Supervisor, (hereinafter the City and Defendant Officers shall be collectively referred to herein as "Defendants"), and for their Joint Response to Plaintiff's Objections to the Ruling of the Magistrate Judge dated January 27, 2021 (ECF No. 177)("Pltf Obj."), state as follows:

**INTRODUCTION**

This lawsuit arises out of an incident on May 26, 2018, wherein officers responded to a ShotSpotter alert, and Plaintiff was subsequently shot by Chicago Police Officer Christian Szczur after a brief foot pursuit. The entire interaction between Plaintiff and Officer Szczur, and a majority of the interaction between Plaintiff and Officer David Cook, is caught on body worn camera. Specifically, the entire foot pursuit and shooting is caught on body worn camera. As a result, there are little to no factual disputes in this matter.

1

## PROCEDURAL BACKGROUND

After substantial motion practice, Plaintiff's remaining claims in this case include: (1) excessive force against Defendant Officer Szczur; (2) unconstitutional search claim as to the entry into the front yard of 5239 W. Ohio only against Defendant Officers Szczur and Cook; (3) excessive force *Monell*; (4) state law battery; and (5) indemnification. (*See* ECF Nos. 73, 91, 105, 107). Plaintiff has sought leave to amend his complaint for a fourth time, which Defendants opposed. (*See* ECF Nos. 145, 157).

While Defendants' motions to dismiss were originally pending regarding Plaintiff's second amended complaint, Plaintiff filed a motion to commence and expedite discovery. (ECF No. 62). This motion was granted, and the Court ordered a fact discovery closure of October 4, 2020, with no extensions absent a showing of good cause. (ECF No. 79, 90). Thereafter on motions made by the parties, discovery was extended twice to the final deadline of December 31, 2020. (ECF Nos. 111, 116, 123, 124)[1]. Plaintiff thereafter filed a motion to compel and partially extend the discovery deadline on December 22, 2020, just nine days prior to fact discovery closing. (ECF No. 152). In his motion, Plaintiff in part requested leave to serve additional interrogatories on the City of Chicago, and partially extend the discovery deadline for Defendants' to answer Plaintiff's late served requests to produce. (ECF No. 152).

Plaintiff issued his initial discovery requests to the City and Defendant Officer Szczur on September 7, 2019. (*See* Certificates of Service attached hereto as Group Exhibit 1). Thereafter, Defendants requested a 37.2 conference regarding a number of Plaintiff's requests. (*See* email

---

[1] Plaintiff notes in his objection that Defendants' were the only ones who sought the extension of discovery until December 31, 2020. However, Plaintiff specifically had no objection and *agreed* to the extension. (ECF No. 123, ¶ 15). In addition, the motion specifically noted that the parties were working together to schedule the Depositions of Officer Trakes and Hayes (requested by Plaintiff), as well as depositions of damages witnesses disclosed by Plaintiff in his Fed. R. Civ. P. 26(a) disclosures. (ECF No. 123, ¶ 10).

exchange from Stephanie Sotomayor and attorney Coyne attached hereto as Group Exhibit 2). The parties held a telephonic 37.2 conference on October 1, 2019, wherein Attorneys Gutierrez, Coyne, Romelfanger, Boose, Moore, Sotomayor and Friedman participated. A number of Plaintiff's discovery requests were discussed. (*See* October 4, 2019 email from attorney Coyne acknowledging discussion attached hereto as Exhibit 3).

Defendant City and Szczur thereafter propounded their responses to Plaintiff's Requests for Production on October 11, 2019. (*See* Defendant City and Defendant Szczur's initial responses to Plaintiff's Requests to Produce attached hereto as Group Exhibit 4). Within their responses, Defendant City and Szczur unequivocally noted their understanding of the parties' agreement during their 37.2 conference with regards to specific requests.

Specifically, Defendant Szczur included the following language in response to Request to Produce numbers 6 & 14: " . . . Pursuant to the parties 37.2 conference on October 1, 2019, Plaintiff agrees to withdraw this request; therefore, Defendant Szczur makes no response to this request." (*See* Group Exhibit 4, Defendant Szczur Answer to Request to Produce Nos. 6 & 14.) Defendant Szczur further included the following language within his response to Request to Produce Nos. 19 & 34:

> pursuant to the parties' October 1, 2019 37.2 conference, Plaintiff will more narrowly tailor this request by providing Defendant Officer Szczur with a reasonable time frame, search terms, and custodians for a search of Defendant Officer Szczur's emails. Until Defendant Officer Szczur receives a more reasonable time frame, search terms and limitation as to custodians, Defendant Officer Szczur will not be searching for or producing any documents responsive to this request.

(*See* Group Exhibit 4, Defendant Szczur Answer to Request to Produce Nos. 6 & 14.) Likewise, the City indicated its understanding of the parties' 37.2 conference in its responses. In its

responses to Plaintiff's Request to Produce Nos. 3, 6, 13 & 18, Defendant City included the following language: "Pursuant to the parties' Local Rule 37.2 conference of October 1, 2019, Plaintiff agrees to withdraw this question." (*See* Group Exhibit 4, City's Answer to Request to Produce Nos. 3, 6, 13 & 18.) In addition, in response to Plaintiff's Request No. 27, the City specifically requested a 37.2 conference to discuss the scope of the *Monell* discovery Plaintiff was seeking. (*See* Group Exhibit 4, City's Answer to Request to Produce No. 27.)

Furthermore, Attorney for Defendants Cook and Szczur, Jessica Griff, sent numerous correspondence to Attorneys Coyne and Gutierrez requesting a 37.2 conference regarding subsequent requests to produce issued to Defendant Cook. (*See* correspondence attached hereto as Group Exhibit 5). In such correspondence, Attorney Griff requested that counsel confirm the understanding from the October 1, 2019 37.2 conference, and apply the same agreement to Defendant Officer Cook's request to produce responses. (*See* Group Exhibit 5.) At this time, Plaintiff never denied any such agreement with Attorney Griff prior to Defendant Officer Cook propounding his response to Plaintiff's Request to Produce on November 2, 2020. (*See* Group Exhibit 5); (*see also* Defendant Officer Cook's Response to Plaintiff's Request for Production attached hereto as Exhibit 6).

On November 24, 2020, **one year, one month and thirteen days** after the City and Defendant Szczur served their initial responses, counsel for Plaintiff <u>for the first time</u> indicated that Plaintiff in fact had not withdrawn certain requests as indicated in the responses. (*See* ECF 152-9.) At no time prior to Plaintiff's November 24, 2020 email, did Plaintiff ever address the fact that Plaintiff believed Defendants misunderstood the agreement reached on October 1, 2019.

At no time prior to Plaintiff's December 22, 2020 motion to compel, filed just nine days short of the discovery closure date, did Plaintiff ever file a motion to compel regarding Defendant City or Szczur's Responses to the enumerated Request to Produce as listed above.

In an effort to seemingly circumvent Plaintiff's inexcusable delay in bringing up this issue over a year later, Plaintiff re-issued Requests to Produce on the City and Defendant Officers on December 4, 2020. (*See* Plaintiff's December 4, 2020 discovery requests attached hereto as Group Exhibit 7). By Plaintiff's own admission, these requests mirror Plaintiff's First Request for Production to the City Nos. 3, 6, 13, 18 and 27; and Plaintiff's First Request for Production to Defendant Szczur Nos. 6, 14, 19 and 34. (*See* Supra pp. 3-4; ECF No. 152.) Defendants objected to the untimeliness of Plaintiff's late requests pursuant to Local Rule 16.1. (*See* ECF No. 152-10; *see also* Defendants' Joint December 11, 2020 Letter, attached hereto as Exhibit 9).

Finally, on September 17, 2020, Plaintiff served additional interrogatories on the City of Chicago. (*See* Plaintiff's Supplement Requests attached hereto as Exhibit 8). That same day, Attorney for the City, Caroline Fronczak, indicated to Plaintiff that the City would be objecting to Plaintiff's Third Set of Interrogatories as they exceeded the limited permitted by Fed. R. Civ. P. 33, and Plaintiff did not otherwise seek leave. (*See* ECF No. 152-6.) It was not until three months and five days later that Plaintiff filed his motion to compel seeking to compel answers and/or for leave to issue these additional interrogatories. (ECF No. 152.)

Upon fully briefed motions, Magistrate Judge Maria Valdez granted in part and denied in part Plaintiff's motion to compel. (ECF No. 173). First, in denying Plaintiff leave to propound additional interrogatories, Magistrate Judge Valdez noted that Plaintiff failed to show a particularized need for more than twenty-five interrogatories; noted they were duplicative; that

5

the information had been obtained from other sources; and that Plaintiff had ample opportunity to seek the information earlier in discovery. (ECF No. 173, pp. 7, ¶ 1).

Further, in denying Plaintiff's request to extend discovery to have the Defendants respond to Plaintiff's untimely served Fourth Requests to Produce, Magistrate Judge Valdez notes that if it were *just* about the three days, she would have likely extended for this purpose. (ECF No. 173, pp. 9, ¶ 1). In denying Plaintiff's request, Judge Valdez emphasizes Plaintiff's delay in *over a year* in raising issue with Defendants' original responses to Plaintiff's First Request for Production, thus failing to show diligence required to establish good cause. (ECF No. 173, pp. 9, ¶ 2).[2]

## **LEGAL STANDARD**

Under Rule 72 of the Federal Rules of Civil Procedure, when a party makes an objection to a ruling by a magistrate judge, the court "must consider timely objections and modify or set aside any part of the order that is *clearly erroneous or contrary to law*." Fed. R. Civ. P. 72(a)(emphasis added). "The Seventh Circuit has explained that under the clear error standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Patrick v. City of Chicago*, 2008 WL 2339649, *2 (N.D. Ill., June 4, 2008)(quoting *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997)). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *American Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, 1988 WL 2788, at *1 (N.D.Ill. Jan.8, 1988).

---

[2] Plaintiff incorrectly in his objection attempts to imply that Magistrate Judge Valdez only granted the Defendants additional time to schedule depositions. (*See* Pltf Obj., generally). However, that simply is not the case. Magistrate Judge Valdez allowed both parties to take the remaining depositions that they had been working on scheduling prior to the fact discovery cut-off. (ECF No. 173, pp. 11,¶ 2).

**ARGUMENT**

Plaintiff in his motion largely argues that Magistrate Judge Valdez's Order should be overturned as: (i) Plaintiff is prejudiced by not being able to engage in this additional written discovery; (ii) Defendants would not be prejudiced by allowing the additional written discovery; and (iii) there is no trial, dispositive motion or expert discovery deadline set. (ECF No. 177, pp. 2).

It should first be noted that these arguments completely miss the mark with regards to the standard required to overturn a magistrate judge's decision. Nowhere in Plaintiff's motion does Plaintiff point to any statute, case law or other governing jurisprudence that would establish Magistrate Judge Valdez's order was clearly erroneous or contrary to law. To simply state that Plaintiff is prejudiced, Defendants would not be prejudiced[3], and that there are no trial, dispositive motions, or expert deadlines set, does not show clear error or contradiction to the law. Indeed, in similar situations, such as when considering motions for extensions of discovery, courts have held that parties *do not fulfill* their burden to show good cause or diligence by simply asserting that the non-moving party would not be prejudiced, that their client would be prejudiced, or that there is no trial date set. See *Smith v. Howe Military School*, 1997 WL 662506, *3 (N.D. Ind., Oct. 20, 1997); *Naud v. City of Rockford*, 2013 WL 447028, *4 (N.D. Ill., Aug. 16, 2013).

As Plaintiff fails to establish that: (i) Magistrate Judge Valdez's Order denying Plaintiff leave to propound additional interrogatories on the City was clearly erroneous and contrary to law; (ii) Magistrate Judge Valdez's Order denying Plaintiff an extension of discovery to

---

[3] Defendants do not agree that Plaintiff is prejudiced as more thoroughly set forth below. In addition, Defendants would be prejudiced, as Defendants have been wanting to resolve the case by means of summary judgment, and delay in fact discovery has caused a delay in summary judgment briefings.

7

propound additional requests to produce was clearly erroneous and contrary to law; and (iii) Magistrate Judge Valdez's Order requiring completion of depositions by March 29, 2021 is improper, Plaintiff's Objections should be overruled.

I. **Plaintiff fails to establish that Magistrate Judge Valdez's Order denying Plaintiff leave to propound additional interrogatories on the City was clearly erroneous and contrary to law.**

Rule 33 states, that "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including discrete sub-parts." Fed. R. Civ. P. 33(a)(1); see also *Duncan v. Paragon Pub, Inc*., 204 F.R.D. 127 (S.D. Ind. Oct. 22, 2001)("Federal Rule of Civil Procedure 33(a) expressly forbids a party from serving more than twenty-five interrogatories upon another party without leave of court or written stipulation.")(internal citations omitted). A party may seek leave of the court to issue more than twenty-five interrogatories. *See* Fed. R. Civ. P. 33(a)(1). The party seeking leave must set forth a "particularized showing" to exceed the limit of twenty five interrogatories. *Duncan*, 204 F.R.D. at 128. (internal citations omitted).

It is undisputed in this case that Plaintiff issued more than twenty-five interrogatories without leave of court or stipulation by counsel. (*See* Exhibit 8; ECF No. 152-6.) The interrogatories at issue involve the interpretation of body worn camera, facts surrounding the underlying incident, and identifying documents containing interviews. (*See* Exhibit 8.) In addition, Plaintiff asks four questions regarding incidents in the past ten years where there were findings by either the City or an outside agency of excessive force, and unlawful search. (*See* Exhibit 8).The objection by Defendant City to the additional interrogatories was made the same day were served on September 17, 2020. (ECF No. 152-6.) Not until December 22, 2020, over

three months later, and just nine days before the fact discovery deadline, did Plaintiff move to compel or seek leave to serve the additional interrogatories. (ECF No. 152.)

Courts have routinely denied leave to issue more than twenty-five interrogatories. See *Duncan*, 204 F.R.D. 127 (Denying leave where Plaintiff failed to demonstrate a particularized showing for the additional interrogatories, as well as finding the interrogatories were overly broad, unduly burdensome and oppressive.); *Howard v. Urban Inv. Trust, Inc.*, 2011 WL 976767, *2 (N.D. Ill., March 18, 2011)(Denying leave where information was more appropriately obtained in a deposition, that the additional interrogatories were burdensome and would further delay the already drawn out discovery process.); *Medical Assur. Co., Inc. v. Weinberger,* 2011 WL 2115662, * 9 (N.D. Ind., May 26, 2011)(Denying leave to serve additional interrogatories where Plaintiff did not adequately set forth why they were needed). As such, Magistrate Judge Valdez's Order was not contrary to law.

Nor was Magistrate Judge Valdez clearly erroneous in denying Plaintiff leave. Magistrate Judge Valdez correctly found that Plaintiff "has had ample opportunity to obtain the information in discovery over the past two years." (ECF. 173, pp. 8.) Plaintiff does not provide any explanation as to the delay in filing the motion to compel. Plaintiff makes no compelling argument why he should be able to now obtain these answers from the City. He simply states in a conclusory manner that the interrogatories are "reasonable, proportional and proper means to further investigate the factual basis for his claims." (Pltf Obj., pp. 5). His interrogatories involve interpretation of body worn cameras that have been endlessly played at each deposition with multiple witness, some of whom did not witness the shooting, or were not even on scene for the shooting. But yet each witness was still asked numerous questions about what each video does or does not depict. Mainly, Plaintiff has sought and received answers to these

interrogatories through Defendants Cook and Szczur, as well as Detectives Chiocca and Berg. Plaintiff makes no showing whatsoever as to why responses by these individuals are insufficient such that a City representative, who has no knowledge of the underlying incident, should now have to identify when they believe a gun is first seen in Plaintiff's hand on body worn camera, especially when the video evidence speaks for itself. Further, Defendants have identified statements made by officers throughout their responses to Plaintiff's Requests to Produce, as well as numerous emails to Counsel. Not only had Plaintiff had ample opportunity to obtain this information, but Plaintiff *has* this information and as such these interrogatories are unreasonably duplicative.

Further Magistrate Judge Valdez correctly ruled that the four interrogatories related to prior incidents of police misconduct *by any Chicago Police officer* in the past ten years are "exceedingly overbroad and disproportional to the needs of the case." (ECF 173, pp.8). Indeed, Plaintiff cannot even argue these are reasonably tailored to his *Monell* claim, as this claim is limited to the City's custom and policies surrounding excessive force only. Plaintiff's Rule 72 objection sheds no further light to dispute that ruling. As a result, Plaintiff's objection should be overruled.

## II. Plaintiff fails to establish that Magistrate Judge Valdez's Order denying Plaintiff an extension of discovery to propound additional requests to produce was clearly erroneous and contrary to law.

Whether to grant an extension to propound additional written discovery is a discretionary issue on which reasonable fact finders can disagree. *Naud*, 2013 WL 4447028, *5 (quoting *Rizza v. Underwriters*, 2011 WL 867492, *2 (N.D. Ill., March 11, 2011)(" . . . the Court 'has *substantial discretion* in managing discovery, including whether or not to modify the discovery schedule.'")(emphasis added)); *Finwall v. City of Chicago*, 239 F.R.D. 494, 496 (N.D. Ill. 2006).

This includes whether or not to modify a discovery schedule. *Id.* Such discovery deadlines are put in place in order for a Court to effectively manage its docket, but also to prevent undue prejudice to the parties. *Id.* Federal Rule of Civil Procedure 16 grants a court power to set discovery deadlines, which are to be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b). Good cause looks at the diligence of the party seeking the amendment to the discovery schedule. *Jackson-El v. City of Markham*, 332 F.R.D. 583 (N.D. Ill, Oct. 23, 2019)(internal citations omitted). Discovery issued before the close of fact discovery, but not scheduled for completion prior to the close of fact discovery, does not comply with a court's scheduling order. *Id.*; *Finwall*, 239 F.R.D. at 499; N.D. Ill. L.R. 16.1.

Plaintiff undoubtedly failed to establish good cause for his one year, one month and thirteen day delay in addressing discovery issues and/or seeking to propound additional written discovery on Defendants. Plaintiff in his objection argues in part that his delay in bringing these issues to the Defendants' and the Court's attention was because of: (i) his client's inability to participate in discovery; (ii) the pandemic; (iii) the Defendants serving over 12,000 pages of documents responsive to discovery[4]; and (iv) counsel contracting COVID. (Pltf Obj. pp. 2, 5-6). Notably, a majority of Defendants' production Plaintiff complains of was served on January 2, 2020. (*See* Production Letter dated January 2, 2020 and January 6, 2020, attached hereto as Group Exhibit 10). Particularly, the documents, audio, and video relating to the underlying incident are not voluminous. A large majority of the production in this case has been in response to Plaintiff's *Monell* claims involving the Chicago Police Department's ("CPD") policies and training. In addition, Plaintiff's participation is not necessary to his counsel's review of documents. Finally, the first notice Defendants received of Plaintiff's counsel contracting

---

[4] Of note, in his objection, Plaintiff complains of the numerous documents already produced in this matter, yet demands he is entitled to even more, including policy and training records for a period spanning eleven years.

COVID was in August of 2020, seven months after Defendants' main production in this matter, and ten months since Defendant City's and Szczur's Responses to Plaintiff's First Requests to Produce.[5] It was therefore not clearly erroneous for Magistrate Judge Valdez to find that Plaintiff failed to establish good cause to extend the discovery deadline for this reason.

In addition, Plaintiff failed to establish that this decision was contrary to law. This is established by the fact that other courts have reached similar decisions. *Naud*, 2013 WL 4447028, *5; *Rizza*, 2011 WL 867492, *2; *Finwall*, 239 F.R.D. at 496.

Finally, and most notably, Plaintiff is in possession of most of the documents he is requesting in his Fourth Requests to Produce. Plaintiff's Fourth Requests to Produce to the Defendant Officers is only regarding "email communications." (*See* Group Exhibit 7). Defendants in their initial responses for these Requests, indicated they would respond when Plaintiff more narrowly tailored these requests by providing a reasonable time frame, search terms, and custodians for the Defendant Officers' emails. (*See* Group Exhibit 4.) As of the filing of this Response, Plaintiff has still failed to provide the same, and failed to address in his Objection why in over one year and four months, Plaintiff has <u>never</u> provided these terms to Defendants. It should be further noted that Counsel for Plaintiff asked Defendant Szczur at his deposition whether he ever texted or emailed regarding this incident, and Defendant Szczur responded that he had not. Counsel for Plaintiff further inquired whether Defendant Szczur and Defendant Cook specifically had communicated *via* email regarding this incident, to which Defendant Szczur confirmed they had not. Any alleged prejudice Plaintiff claims to have

---

[5] Any supplemental production after January 2, 2020 has largely been due to supplementation of the open COPA file, disciplinary records of the Defendant Officers, and documents responsive to Plaintiff's supplemental production requests.

12

suffered by not receiving this information in the form of a response to written discovery is undoubtedly a result of his own unreasonable delay.

Plaintiff's Fourth Request to Produce to the City includes twenty-two additional requests to produce which encompasses generally: (i) documents pertaining to CPD's use of force policies and training, particularly with regards to those used to train Officer Szczur; (ii) documents pertaining to ShotSpotter policy and training, particularly with regards to the training of the Defendant Officers; (iii) documents pertaining CPD's investigatory stop policies and/or training, particularly with regards to the Defendant Officers; (iv) disciplinary and/or employment records related to the Defendant Officers; (v) all documents relevant to the underlying incident; (vi) email communications; and (vii) documents relating to the referral of Defendant Szczur for any mental health counseling or treatment. (*See* Group Exhibit 7). Plaintiff has received (as he noted in his Objection) thousands of pages of documents, including (but not limited to) the training materials on use of force, which have been utilized *by Plaintiff* in depositions in this case; policies and procedures regarding ShotSpotter and Investigatory Stops, which have been utilized *by Plaintiff* in depositions in this case; documents pertaining to the Defendant Officers training histories, which have been utilized *by Plaintiff* in depositions in this case; all non-privileged documents in the City's possession, custody or control related to the underlying incident[6], which have been utilized *by Plaintiff* in depositions in this case; and disciplinary and/or employment records of the Defendant Officers, including CR histories and full CR logs for those CRs which contain similar allegations to those alleged in this lawsuit. Plaintiff's conclusory allegation that Magistrate Judge Valdez's Order unfairly prejudices him[7] does not

---

[6] As noted below the COPA investigative file remains open and thus the City has been supplementing its responses as new records are received.
[7] Again prejudice is not the standard here. What is at issue is whether Magistrate Judge Valdez's Order was clearly erroneous or contrary to law.

offer any explanation to how these requests are reasonable, not duplicative of requests and/or materials already received, or how Plaintiff was diligent in pursuing these requests. As a result, Plaintiff's Objection should be overruled.

**III. Plaintiff fails to establish that Magistrate Judge Valdez's Order requiring all depositions to be completed by March 29, 2021, including the COPA 30(b)(6) deposition is improper.**

Defendant City received Plaintiff's Fed. R. Civ. P. 30(b)(6) notice for "the person most knowledgeable regarding the COPA investigation, *i.e.*, lead investigator of the officer involved shooting of Juan Mendez on May 26, 2018," on November 19, 2020. COPA's investigation is still open and pending. The City has been routinely supplementing its discovery with additional attachments as they become available and producing them to Plaintiff on a rolling basis. When Plaintiff issued his Fed. R. Civ. P. 30(b)(6) notice, a letter was sent to Plaintiff proposing that the deposition be delayed to avoid a contentious deposition in which many privilege objections may be made to the extent there were questions that impacted the investigatory or deliberative process while the investigation was on-going. Thus the deposition, were it to proceed before the file was closed, would be limited to confirm what investigatory steps have already been taken, without providing any information about what steps remain, or what COPA's ultimate conclusions may be with regard to their investigation. Defendant City did propose to Plaintiff that the parties request that the Court allow the COPA Fed. R. Civ. P. 30(b)(6) witness deposition to proceed once the COPA Investigation is complete and a final report generated that includes COPA's final determinations so that the deposition may be more fruitful and without privilege objections asserted. However, Defendant City is prepared to and will produce a Fed. R. Civ. P. 30(b)(6) witness to testify by the Court's stated deadline.

Defendant City does not waive its objections that the deposition sought is not relevant to any party's claim or defense, and thus not proportional. Plaintiff has filed an excessive force and unlawful search claims against the Defendant Officers. The *Monell* claim is limited to the theory that the City's practice of foot pursuits raises the risk of excessive force, and training failures give rise to unnecessary use of force, particularly against fleeing suspects. (*See* Memorandum Opinion and Order, ECF No. 73, October 7, 2019, pp. 6.) The actual COPA findings themselves are irrelevant and likely inadmissible, and the COPA investigation thus far, has been provided to Plaintiff, so Plaintiff's reliance on COPA's investigation in order to "responsibly [investigate] the shooting of Plaintiff" should not have been impacted by this failure to depose this witness. Plaintiff has been provided, throughout this case (and not just from the COPA open investigation) the relevant body-worn camera videos; the officers' COPA statements; the investigative file prepared by responding detectives; depositions of Defendant Officers, responding officers, investigating detectives, and Fed. R. Civ. P. 30(b)(6) witnesses; and numerous photos taken by evidence technicians showing the scene, as well as evidence recovered following the incident. The discovery thus far has shown *the entirety of the interaction* between Plaintiff, Defendants, and additional responding and witness officers. The fact that this case is recorded on body-worn camera, including the shooting, makes the investigation even simpler. Plaintiff should not rely on COPA's investigation to "responsibly" investigate **his** claims. COPA's role is not the investigating body for Plaintiff, but to determine whether or not the Defendant Officers conduct were in compliance with CPD policies, rules, or regulations. Thus, Defendant City is willing and able to comply with the Court's deadline, but will not waive any privilege objections that may be applicable given he status of the COPA investigation.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court overrule Plaintiff's Objection to Magistrate Judge Valdez's January 27, 2021 Order.

Dated this 18th day of February, 2021        Respectfully submitted,

        */s/ Allison L. Romelfanger*
        Allison L. Romelfanger
        Assistant Corporation Counsel Supervisor
        Attorney No. 6310033

Jessica L. Griff, Assistant Corporation Counsel Supervisor
Max C. Boose, Assistant Corporation Counsel
Laniya Moore, Assistant Corporation Counsel
City of Chicago, Dept. of Law
2 N. LaSalle, Ste. 420
Chicago, Illinois 60602
T: (312) 744-5890
Allison.romelfanger@cityofchicago.org
*Attorneys for Defendants Szczur and Cook*

        CELIA MEZA
        ACTING CORPORATION COUNSEL

By:        */s/ Caroline Fronczak*
        Caroline Fronczak
        Deputy Corporation Counsel
        Attorney No.6284817

Stephanie Sotomayor, Assistant Corporation Counsel
Cheryl Friedman, Assistant Corporation Counsel
City of Chicago, Dept. of Law
2 N. LaSalle, Ste. 420
Chicago, Illinois 60602
Caroline.fronczak@cityofchicago.org
*Attorneys for the City of Chicago*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above motion to be served upon all parties of record via the Northern District of Illinois ECF System on this 18th day of February, 2021.

                                                 */s/ Allison L. Romelfanger*
                                                 Allison L. Romelfanger
                                                 Assistant Corporation Counsel Supervisor