UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN MENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 CV 06313 |
| v. | ) | Hon. Marvin E. Aspen |
| | ) | |
| CITY OF CHICAGO, a Municipal Corporation, OFFICER CHRISTIAN SZCZUR, OFFICER DAVID COOK & unknown OFFICERS of the CHICAGO POLICE DEPARTMENT, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us are Plaintiff Juan Mendez's objections to Magistrate Judge Valdez's order dated January 27, 2021. (Objections (Dkt. No. 177).) That order granted in part and denied in part Plaintiff's Consolidated Motion to Compel, for Leave to Propound Additional Interrogatories and to Partially Extend Discovery Deadline (Dkt. No. 152). (January 27, 2021 Order (Dkt. No. 173).) For the reasons set forth below, we overrule Plaintiff's objections and affirm the January 27, 2021 Order.

**BACKGROUND**

We assume familiarity with the relevant facts as detailed in Magistrate Valdez's January 27, 2021 Order, and thus do not fully recount them here. (January 27, 2021 Order at 1–4.) This lawsuit was prompted by an incident that occurred on May 26, 2018. (*See* Plaintiff's Third Amended Complaint at Law ("TAC") (Dkt. No. 91) ¶¶ 5–16.) On that date, Defendant Officer

Christian Szczur allegedly pursued Plaintiff down an alley and shot Plaintiff several times, resulting in Plaintiff's paralysis. (*Id.* ¶¶ 15–16.) After motion practice, Plaintiff's remaining claims include: (1) excessive force against Defendant Officer Szczur (Count I); (2) unconstitutional search as to the entry into the front yard of 5239 W. Ohio against Defendant Officers Szczur and Cook (Counts II & IX); (3) excessive force (a *Monell* claim) (Count V); and (4) state law tort claims (Counts VI–VIII). (*See* Dkt. Nos. 73, 91, 107.)

On December 12, 2019, we entered an order stating that fact discovery would close on October 4, 2020, that that date was "final," and that "[n]o extensions will be allowed." (Dkt. No. 79.) Nonetheless, the fact discovery deadline was extended twice: first to November 20, 2020, and then to December 31, 2020. (Dkt. Nos. 116, 124.)

Plaintiff issued his first discovery requests to Defendants City of Chicago and Officer Szczur on September 7, 2019. (January 27, 2021 Order at 2.) The parties met and conferred to discuss the scope of the requests, and Defendants responded on October 11, 2019. (*Id.*) More than thirteen months later, on November 24, 2020, Plaintiff's counsel advised Defendants that Plaintiff had not withdrawn certain requests, as defense counsel had assumed in their October 11, 2019 response. (*Id.* at 2–3.)

Plaintiff issued his Fourth Requests to Produce on December 4, 2020. (*Id.* at 3.) The requests mirror certain requests in Plaintiff's First Requests to Produce from September 2019 that Defendants believed had been withdrawn. (*Id.*) Defendants objected to the untimeliness of the requests and refused to respond. (*Id.*)

Additionally, on September 17, 2020, Plaintiff served his Third Set of Interrogatories on Defendant City of Chicago, concerning body worn cameras, among other topics. (*Id.*) Defendant City of Chicago objected and refused to respond because Plaintiff had already served

2

the maximum number of interrogatories allowed under Federal Rule of Civil Procedure 33 and had not obtained leave to serve additional interrogatories. (*Id.*) Plaintiff waited more than three months before filing the motion to compel that led to the January 27, 2021 Order. (*Id.*)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72, when a party objects to a magistrate judge's decision concerning a non-dispositive matter, a district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115–16 (7th Cir. 2013) (observing that a magistrate judge has "extremely broad discretion in controlling discovery" such that a district court should only overturn a magistrate judge's decision when it is "clearly erroneous or is contrary to law.") (internal quotations and citation omitted). "Courts have consistently found routine discovery motions to be nondispositive within the meaning of Rule 72(a)." *Saunders v. City of Chicago*, Case Nos. 12-cv-9158, 12-cv-9170, 12-cv-9184, 2017 WL 3082036, at *3 (N.D. Ill. July 19, 2017) (quoting *Bobkoski v. Board of Educ. of Cary Consol. School Dist.*, 141 F.R.D. 88, 90 (N.D. Ill. 1992) (internal quotation marks omitted)).

An order is "clearly erroneous" only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "If 'there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view.'" *Saunders*, 2017 WL 3082036, at *3 (quoting *Ball v. Kotter*, No. 08-cv-1613, 2009 WL 3824709, at *3 (N.D. Ill. Nov. 12, 2009) (internal quotation marks and citation omitted)).

## ANALYSIS

Plaintiff asks that we set aside the January 27, 2021 Order in the following respects:

3

(1) require Defendant City of Chicago to answer Plaintiff's Third Set of Interrogatories; (2) require Defendants to answer Plaintiff's Fourth Requests to Produce; and (3) allow Plaintiff to depose the lead COPA investigator after "the conclusion and disclosure of the COPA report regarding the shooting of Plaintiff." (Objections at 7.) We take Plaintiff's requests in turn.

## I. Plaintiff's Third Set of Interrogatories

Magistrate Valdez denied Plaintiff's request for leave to propound additional interrogatories on several grounds. (January 27, 2021 Order at 7–8.) First, Magistrate Valdez concluded that Plaintiff's Third Set of Interrogatories, consisting of twelve interrogatories requesting information regarding the underlying incident, were not proportional to the needs of the case and that Plaintiff had not provided sufficient reason to exceed the number of interrogatories allowed under Federal Rule of Civil Procedure 33. (*Id*. at 7–8.) Second, she concluded that interrogatories seeking information about certain incidents across the whole of the Chicago Police Department were "exceedingly overbroad and disproportionate to the needs of the case" and that Plaintiff had not adequately explained why he needed such information. (*Id*. at 8.) Third, she concluded that as to the remaining interrogatories, Plaintiff had "ample opportunity" to obtain information over the preceding two years and had not explained why he delayed in filing his motion until right before the extended fact discovery deadline had passed. (*Id*. at 8.)

Plaintiff takes issue with Magistrate Valdez's conclusion that Plaintiff's Third Set of Interrogatories were not proportional to the needs of the case and that Plaintiff had not provided convincing reasons to exceed the number of interrogatories allowed under the Federal Rules. (Objections at 4–5.) However, Plaintiff fails to specify why Magistrate Valdez's ruling was "clearly erroneous" or "contrary to law." (*See generally id*.) Instead, he vaguely asserts that his

4

case is "unique…with differing interests" without explaining why that might be the case or why that might justify a departure from the Federal Rules. (*Id*. at 4.) Then, he asserts that his Third Set of Interrogatories "were a reasonable, proportional and proper means to further investigate the factual basis for his claims and properly build his case for trial" without providing any specifics. Plaintiff's vague, conclusory statements are plainly insufficient to overturn the January 27, 2021 Order and the persuasive reasoning contained therein. Accordingly, we overrule Plaintiff's first objection.

## II. Extension of the Fact Discovery Deadline

### A. As to Plaintiff's Fourth Requests to Produce

Magistrate Valdez denied the request to extend the fact discovery deadline to allow Defendants to answer Plaintiff's Fourth Requests to Produce because: (1) Plaintiff had waited too long to serve the requests; and (2) Plaintiff had not shown the diligence required to establish good cause to extend the discovery deadline. (January 27, 2021 Order at 8–9.)

Magistrate Valdez explained that Plaintiff had served the Fourth Requests to Produce on December 4, 2020, giving Defendants twenty-seven, as opposed to thirty, days to respond before the close of fact discovery. (*Id*. at 8.) Discovery requests that require compliance after the close of discovery do not comply with local rules. (*Id*. (citing N.D. Ill. L.R. 16.1(4).) Magistrate Valdez added that if this had been the "full story," then she would likely have extended the deadline to allow Defendants to respond. (*Id*. at 9.) However, "Plaintiffs first served these requests in September 2019, and Defendants responded by, in relevant part, refusing to state an answer and reciting under oath the agreement the parties came to that Plaintiff was withdrawing the requests." (*Id*.) Plaintiff then sat on the responses for more than one year before advising Defendants that contrary to Defendants' understanding, Plaintiff had not withdrawn certain

5

requests. (*Id*.)

Plaintiff puts forth several reasons as to why we should overturn Magistrate Valdez's ruling. First, he argues that the ruling was "inconsistent with the relief extended to *Defendants*" because Defendants were allowed to take depositions for two months after the close of fact discovery. (Objections at 5 (emphasis in original).) This argument is misleading, for it suggests that Defendants were allowed additional discovery while Plaintiff was not. In reality, the extension benefitted both sides. (*See* January 27, 2021 Order at 11.) In the January 27, 2021 Order Magistrate Valdez observed that "scheduling issues and disagreements" appear to have "prevented certain depositions on both sides." (*Id*.) Accordingly, she found good cause to allow both sides to take additional depositions after the close of fact discovery, including three depositions that Plaintiff had requested.[1] (*Id*.)

In any event, we find no error in extending the deadline to allow for additional depositions but not document production. Magistrate Valdez provided compelling reasons for denying Plaintiff's request, including, but not limited to, the fact that Plaintiff waited more than one year, and less than thirty days before the close of fact discovery, before advising Defendants that they were mistaken in their belief about which document requests Plaintiff had intended to withdraw. (January 27, 2021 Order at 8–9.) We agree that Plaintiff has not shown the diligence required to establish good cause for extending the discovery deadline. (*Id*. at 9.)

Additionally, there was no error in sequencing discovery so that certain depositions, but not additional document production, were allowed after December 31, 2020. *See Sterigenics U.S., LLC v. Kim*, No. 19 C 1219, 2019 WL 10449289, at *2 (N.D. Ill. Mar. 8, 2019) (observing

---

[1] For similar reasons, Plaintiff's complaint that the discovery deadline was extended from November 2020 to December 2020 at Defendants' request, rather than Plaintiff's, is unavailing. (*Id*. at 5.) It is apparent that Plaintiff has benefitted from extended discovery deadlines as well.

that "courts are vested with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery") (internal quotation marks and citation omitted). It is not unusual for parties to complete their document productions before taking depositions. *See, e.g., Dauska v. Green Bay Packaging Inc.*, 291 F.R.D. 251, 263 (E.D. Wis. 2013) (ordering defendant to supplement its production and interrogatory responses before taking plaintiff's deposition). When documents are produced late in the discovery period or after a witness has been deposed, courts may be forced to either extend fact discovery or reopen depositions to allow for more questioning. *See, e.g., Travelers Property Casualty Ins. Co. v. Service Experts Heating & Air Conditioning, LLC*, No. 12-2208, 2014 WL 4947466, at *4 (C.D. Ill. Sept. 30, 2014) (concluding that it would be appropriate to extend discovery and reopen a deposition where relevant materials were not produced prior to the deposition); *Doe v. Society of Missionaries of Sacred Heart*, No. 11-cv-2518, 2014 WL 51333, at *2–4 (N.D. Ill. Jan. 3, 2014) (extending fact discovery to allow additional depositions where plaintiff produced key documents the day that fact discovery closed). This results in further delays and inconvenience to both witnesses and parties. Accordingly, the decision to extend the deadline for depositions, but not document production, was prudent to avoid further delays, and certainly not clearly erroneous or contrary to law.

Second, Plaintiff argues that the deadline for Defendants to respond to Plaintiff's Fourth Requests to Produce should have been extended because Defendants provided more than 12,000 pages of materials, "which naturally required an extended period of time to identify, review and attribute to the specific document request each item was provided in response to." (Objections at 5.) According to Plaintiff, at least some of these materials were produced after the December 31, 2020 discovery cutoff. (*Id.*)

In response, Defendants point out that most of the 12,000 pages of materials referenced

7

above were provided on January 2, 2020—long before the discovery cutoff on December 31, 2020. (Response (Dkt. No. 180) at 11.) They claim that documents produced after that date have "largely been due to supplementation of the COPA file, disciplinary records of the Defendant Officers, and documents responsive to Plaintiff's supplemental production requests." (Response at 12 n. 5.) They also point out that Plaintiff already has most of the documents that he is seeking; and to the extent he did not receive certain emails, it is due to his own failure to provide "a reasonable time frame, search terms, and custodians." (*Id*. at 12.) Given this history, we agree with Magistrate Valdez that Plaintiff had adequate time to pursue discovery and failed to act diligently. A large production nearly one year before the close of fact discovery does not excuse Plaintiff's failure to meet the fact discovery cutoff.

Third, Plaintiff claims that the January 27, 2021 Order did not adequately account for the COVID-19 pandemic. (Objections at 5–6.) Plaintiff's counsel claims that the pandemic disrupted their normal practice, and at different times, two members of their team contracted COVID-19. (*Id*. at 6.)

Although we are sympathetic to counsel's plight, the pandemic does not excuse the substantial delays in this case. Discovery began in 2019—before the onset of the COVID-19 crisis. *See King v. Biter*, No. 1:15-cv-00414-NONE-SAB(PC), 2020 WL 3173144, at *3 (E.D. Cal. June 15, 2020) (observing that COVID-19-related issues did not excuse plaintiff's failure to propound discovery in a timely manner where discovery had begun prior to March 2020). Defense counsel claims that they first heard of Plaintiff's counsel contracting COVID-19 in August 2020—seven months after Defendants' main production in this case and ten months after Defendants' responses to Plaintiff's First Requests to Produce. (Response at 12.) It is unclear what Plaintiff did to diligently prosecute his case before counsel fell ill and after they recovered.

8

Further, if Plaintiff had needed an extension to accommodate counsel's illness, he should have sought one within a reasonable time of the applicable deadlines. *See Hall v. Gestamp West Virginia, LLC*, No. 2:20-cv-00146, 2020 WL 5079167, at *5 (S.D. W. Va. Aug. 27, 2020) ("The COVID-19 pandemic has affected all cases on the court's docket, but the court still expects counsel to exercise diligence in requesting extensions or continuances within a reasonable time of the deadline.") For these reasons, Magistrate Valdez did not err by not crediting this argument.[2]

Fourth, Plaintiff argues that Magistrate Valdez's ruling was in error because Defendants would not be prejudiced by the extension, Plaintiff would be prejudiced if an extension was not granted, and "there is no trial date, summary judgment schedule or expert discovery schedule in this case." (Objections at 6.) We are not convinced by this argument either.

As Defendants point out, parties do not show good cause or diligence for discovery extensions by merely asserting that they would be prejudiced, and the non-moving party would not be prejudiced by the extension. *See Naud v. City of Rockford*, No. 09-CV-50074, 2013 WL 4447028, at *4 (N.D. Ill. Aug. 16, 2013) (prejudice was insufficient reason to reconsider an order denying extension of deadlines); *Smith v. Howe Military School*, No. 3:96-CV-790RM, 1997 WL 662506, at *3 (N.D. Ind. Oct. 20, 1997) ("Plaintiffs do not fulfill the 'good cause' requirement or demonstrate their diligence by asserting that the defendants will not be prejudiced, nor do they make such a showing by pointing out that the scheduled trial date is in July 1998 and that there is

---

[2] Plaintiff also notes in his introduction that he was "hospitalized and unable to reasonably participate in the discovery process with his attorneys for an extended period of time." (Objections at 2.) It is unclear why this would have affected the discovery at issue here. A key problem was Plaintiff's counsel's failure to correct Defendants' misunderstanding of the scope of the production requests for more than one year. Counsel did not need Plaintiff's participation to do that. Accordingly, this is not a persuasive argument for overturning the January 27, 2021 Order either.

9

still plenty of time to accommodate the requested extension and complete discovery before the trial."). Likewise, it is not persuasive to argue that extensions should be granted because no trial date has been set. *See Smith*, 1997 WL 662506, at *3.

"We live in a world of deadlines. . . . The practice of law is no exception." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (internal quotation marks and citations omitted). Courts have an interest in moving cases along, and "lawyers who do not pay heed to deadlines do so at substantial peril to their and their clients' interests." *Finwall v. City of Chicago*, 239 F.R.D. 494, 496 (N.D. Ill. May 31, 2006). We have already been exceedingly generous in extending the close of fact discovery on multiple occasions, notwithstanding the fact that it was originally set to close on October 4, 2020, and the parties were advised in December 2019 that no extensions would be allowed. (Dkt. No. 79.) As Judge Easterbrook has cautioned, "[i]gnoring deadlines is the surest way to lose a case." *See United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994). Plaintiff chose not to heed our warning to his peril.

Since Plaintiff has failed to demonstrate that Magistrate Valdez erred in denying an extension for Defendants to respond to Plaintiff's Fourth Requests to Produce, we deny Plaintiff's second objection to the January 27, 2021 Order.

### B. As to Additional Depositions

As discussed above, Magistrate Valdez allowed both sides to take additional depositions by March 29, 2021, to accommodate certain scheduling issues. (*See* January 27, 2021 Order at 10–11.) Plaintiff now claims that he needs more time to depose a COPA investigator because "the COPA investigation and report of the shooting of Plaintiff will likely not be completed by that date." (Objections at 6.) Plaintiff anticipates that the report will "contain detailed findings of the events surrounding the shooting of Plaintiff, including detailed and timely scene

measurements, observations, and final conclusions pertaining to, *inter alia*, distances, sight lines, and lighting issues which were impossible for Plaintiff to assess months and years after the subject incident occurred." (*Id.*) Defendant City of Chicago does not oppose Plaintiff's request, though it is prepared to produce a witness to testify about the COPA investigation by the current deadline. (Response at 14.)

The March 29, 2021, deadline is weeks away; thus, it is premature to conclude that it cannot be met. However, we also believe that deadline was intended to accommodate both the completion of the investigation and the deposition of the investigator. (*See* January 27, 2021 Order at 10 (acknowledging that the deposition of the COPA investigator had been delayed because the COPA investigation was not yet complete).) Accordingly, to the extent the deposition of the COPA investigator[3] cannot be completed by March 29, 2021, because the COPA investigation is incomplete, we will consider a reasonable request for an extension of time to conduct that deposition only. Such a request must be filed prior to March 29, 2021, and should include Defendant City of Chicago's estimate as to when the COPA investigation will be complete. For the avoidance of doubt, this order does not relieve the parties from making every effort to meet the March 29, 2021 deadline.

## CONCLUSION

As set forth above, we overrule Plaintiff's objections and affirm the January 27, 2021 Order. To the extent the deposition of a person with knowledge of the COPA investigation cannot be completed by March 29, 2021, because the COPA investigation is incomplete, we will consider a reasonable request for an extension of time to conduct that deposition only. Such a

---

[3] The deponent need not be the "lead investigator" so long as he or she can testify about the relevant subject matter as a Federal Rule of Civil Procedure 30(b)(6) witness.

request must be filed prior to March 29, 2021, and should set forth Defendant City of Chicago's estimate as to when the COPA investigation will be complete.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: March 9, 2021
Chicago, Illinois