`IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN MENDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, CHRISTIAN SZCZUR, and DAVID COOK,<br><br>    Defendants. | Case No. 18 C 6313<br><br>Hon. LaShonda A. Hunt |

## MEMORANDUM OPINION AND ORDER

Currently pending before the Court are two motions relating to the prior summary judgment proceedings.[1] Plaintiff Juan Mendez brought Fourth Amendment, *Monell*, and related state law claims against the City of Chicago and Chicago police officers Christian Szczur ("Szczur") and David Cook ("Cook"), (collectively, the "Officers"). Plaintiff unsuccessfully sought partial summary judgment on two separate grounds for his unreasonable search claim—*Terry*-based and unlawful entry. Defendants, however, successfully obtained summary judgment on the unlawful entry claim only. Invoking Fed. R. Civ. P. 56(f), the Court ordered Plaintiff to file a brief demonstrating that Defendants were not entitled to summary judgment on the *Terry*-based unreasonable search theory. That "motion" is fully briefed. (Dkts. 266, 268). Plaintiff subsequently moved for leave to file supplemental authority in support of his *Terry*-based claim and a request for reconsideration of summary judgment on the unlawful entry claim. (Dkt. 270). That motion is also fully briefed. (Dkts. 272, 275). For the reasons discussed below, the Court allows the

---

[1] This case was originally assigned to Judge Aspen, who entered a memorandum opinion and order on the parties' respective motions for summary judgment on September 26, 2022. (Dkt. 262). The case was reassigned to Judge Hunt on June 2, 2023. (Dkt. 281). The Court apologizes for the extended delay in resolving the remaining motions.

1

supplemental authority, enters summary judgment in favor of Defendants on Plaintiff's *Terry*-based claim, and denies reconsideration of summary judgment for Defendants on Plaintiff's unlawful entry claim.

## **BACKGROUND**

The Court assumes familiarity with the facts of this case, which are set forth in detail in the summary judgment ruling, (*see* MSJ Opinion, Dkt. 262), and thus provides only a procedural overview as is pertinent to the pending matters.

Plaintiff initiated this lawsuit in September 2018, asserting claims of excessive force and unreasonable search and seizure arising from an incident that occurred in the early morning hours on May 26, 2018, when Chicago police officers were investigating a ShotSpotter report of gunfire. Cook approached Plaintiff and a juvenile who were sitting on a nearby front porch; eventually Plaintiff, who had a handgun on him, fled the porch and after a brief foot chase down the alley, was shot in the back by Szczur.

Defendants initially moved to dismiss Plaintiff's complaint for failure to state a claim for violation of the Fourth Amendment. The Court granted the motion in part, finding that Plaintiff sufficiently alleged an unreasonable search, but not an unreasonable seizure. (MTD 2AC Opinion, Dkt. 73). The Court concluded that no seizure occurred for purposes of applying the Fourth Amendment until after Plaintiff was shot, reasoning that "a fleeing suspect has not been seized under the Fourth Amendment unless or until he yields to the police's assertion of authority," and here, Plaintiff did not submit to the show of authority, instead, he fled. *Id*. at 10-11 (citing *Cal. v. Hodari D.*, 499 U.S. 621, 626 (1991)).

Following the completion of discovery, Plaintiff moved for summary judgment on his unreasonable search claims based on (1) an unjustified *Terry* stop and (2) unlawful entry on the

front porch.² Defendants moved for summary judgment on all claims in the operative third amended complaint—excessive force, battery, indemnification, respondeat superior, *Monell* liability, and unreasonable search due to unlawful entry—except the *Terry*-based search. Separately, the Officers later moved to strike Plaintiff's *Terry* search argument as running afoul of the Court's prior rulings dismissing Plaintiff's claim of unreasonable seizure before the shooting; alternatively, Defendants requested leave to file another summary judgment motion as to the pre-shooting search claim. (MTS Order at 4-6, Dkt. 243). The Court denied their motion, explaining that Plaintiff had not been precluded from contending "the alleged *Terry* stop constituted an unreasonable *search* before the shooting." *Id.* at 5 (emphasis in original). In addition, by then, the summary judgment deadline had passed and the Officers failed to establish any grounds to reopen briefing to allow them another filing. *Id.* at 7. Likewise, Plaintiff was not allowed to file additional facts "concerning Szczur's motive for commanding him to stand during the alleged *Terry* stop." *Id.*

Turning to Plaintiff's motion for partial summary judgment, the Court determined that the unreasonable *Terry* search claim failed because Plaintiff (1) erroneously conflated an alleged unreasonable seizure—a *Terry* stop based on Cook first talking to Plaintiff and then Szczur issuing orders to and approaching Plaintiff on the porch—with an unreasonable search; and (2) did not attempt to explain how the Officers' actions constituted a search under either the property-based

---

² After fact discovery closed, Plaintiff had requested leave to file a fourth amended complaint raising another unreasonable search theory, which the Court denied. (Leave to File 4AC Opinion, Dkt. 191). The proposed amendment alleged that the Officers "conducted or attempted to conduct a pat-down search," which the Court found was an "additional, previously unidentified search that [Plaintiff] has known about (if it occurred) since before the onset of this litigation." *Id.* at 6. Allowing such a late amendment, it held, would unduly prejudice Defendants. *Id.* The Court further rebuffed Plaintiff's attempt to carry over allegations that "the Officers approached [Plaintiff], stopped him, and detained or attempted to detain him," as those "actions all suggested that the Officers seized [Plaintiff] before he was shot," a conclusion the Court had twice rejected. *Id.* (citing Motion to Strike 3AC Opinion at 4-5, Dkt. 107; MTD 2AC Opinion at 11).

or the privacy-based approach. (MSJ Opinion at 14-17). Furthermore, the Court found, even if such a search occurred, Plaintiff did not point to facts to show that it was unjustified under *Terry*. *Id.* at 17. The Court thus concluded that Plaintiff was not entitled to summary judgment on his *Terry*-based theory.

Noting the conundrum created by the denial of summary judgment—which would ordinarily mean a trial on the issue since Defendants had not cross-moved for summary judgment—the Court stated that its review of the evidence raised questions as to "whether a reasonable jury could find that any of the Officers' actions constituted a search of [Plaintiff's] person." *Id.* at 18-19. Deeming it appropriate under the circumstances to consider if summary judgment on this issue was in fact warranted for Defendants, the Court ordered Plaintiff to file a brief "demonstrating that, based on the evidence in the record and the applicable law, a reasonable jury could find (1) that the Officers searched [Plaintiff]; and (2) that the search was unreasonable under *Terry*." *Id.* at 19. Defendants were also given an opportunity to file a response brief in support. *Id.*

As to Plaintiff's claim of unlawful entry, the Court pointed out that "there are two approaches to determining whether a search has occurred: a 'property-based or trespass approach' and an approach 'based on expectations of privacy.'" *Id.* at 20 (citing *U.S. v. Correa*, 908 F.3d 208, 217 (7th Cir. 2018)). Plaintiff relied solely on the privacy-based approach; however, he did not identify evidence establishing his subjective expectation of privacy in the front porch; and did not show that society would find his purported privacy expectation reasonable. *Id.* at 20-22. Accordingly, the Court ruled that Plaintiff was not entitled to summary judgment on his unreasonable search claim based on unlawful entry either. *Id.* at 22.

4

Finally, as to Defendants' motion for summary judgment, the Court concluded, in relevant part, that Defendants were entitled to qualified immunity because Plaintiff did not show that the Officers' entry onto his property violated his Fourth Amendment right or that they violated a clearly established right. *Id*. at 23-29.

Plaintiff now essentially seeks reconsideration of both rulings on his unreasonable search theories, contending that the Seventh Circuit's recent decision in *United States v. Banks* controls and mandates denial of summary judgment for Defendants on the *Terry*-based claim and reversal of the summary judgment ruling in favor of Defendants on the unlawful entry claim.

## DISCUSSION

I. **Motion for Leave to File Supplemental Authority**

After the parties completed additional summary judgment briefing on his *Terry*-based search theory, Plaintiff moved for leave to cite *United States v. Banks*, 60 F.4th 386 (7th Cir. 2023), as supplemental authority that is relevant to the Court's consideration of each unreasonable search theory. Defendants objected, arguing that *Banks* does not impact either the prior or forthcoming summary judgment rulings. The Court does not fully agree. *Banks* is controlling authority that addresses a central contention raised by Plaintiff as to the protection afforded a home's curtilage and the required justification before entering that area. Accordingly, the Court grants Plaintiff's motion in part and considers *Banks* in its analysis. *See, e.g., Jacobs, Jr. v. Guardian Life Ins. Co. of Am.*, 730 F. Supp. 2d 830, 844 (N.D. Ill. 2010) (granting motion for leave to file supplemental authority that was helpful with respect to a point at issue in the case). Contrary to Plaintiff's assertions, though, *Banks* does not stave off summary judgment on his *Terry*-based claim nor does it announce new precedent that saves his unlawful entry claim.

5

**II.     Summary Judgment – Plaintiff's *Terry*-based Unreasonable Search Claim**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016). All facts and inferences are construed in the light most favorable to the nonmoving party. *Nischen v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017). "Where . . . the movant is seeking summary judgment on a claim as to which it bears the burden of proof, it must lay out the elements of the claim, cite the facts which it believes satisfy these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim. . . . If the movant has failed to make this initial showing, the court is obligated to deny the motion." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015). In cases where the movant does not bear the burden of proof, the movant must simply point to an absence of evidence to support the nonmovant's case. *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and support their position with "more than a scintilla of evidence." *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 709 (7th Cir. 2000).

The Court framed the salient question for Plaintiff to address in opposing entry of summary judgment for Defendants on his *Terry*-based theory as whether he was subjected to an unreasonable search.[3] For the most part, Plaintiff ignored that directive and merely rehashed his

---

[3] Plaintiff erroneously contends that considering summary judgment for Defendants now contradicts the Court's prior orders. Rule 56(f) expressly provides for situations like this and requires that "[a]fter giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). Here, the Court determined after a thorough review of the record that summary judgment for Defendants on this limited issue may be appropriate and thus afforded

arguments that the Officers conducted an unjustified *Terry* stop which constitutes an unreasonable search. But this contention remains a nonstarter. A *Terry* stop is a kind of seizure. *See e.g. U.S. v. Watson*, No. 19 CR 329, 2021 WL 3666435, at *6 (N.D. Ill. Aug. 18, 2021) ("A *Terry* stop is a seizure short of an arrest and requires something less than probable cause—namely, reasonable articulable suspicion of criminal activity."). And so the Court reiterates:

> [Plaintiff] cannot establish an unreasonable search based on an allegedly unreasonable seizure that did not occur. We have already ruled that [Plaintiff] was not seized until he was shot. (Dkt. No. 73 at 10-11; Dkt. No. 107 at 2-3). Consequently, the Officers' actions prior to [Plaintiff's] flight cannot constitute a *Terry* stop, which is a particular type of seizure.

(MSJ Opinion at 15). Simply put, even if an investigative stop occurred, that "seizure" is different from a "search." *Id.* at 15-16 ("Seizures and searches are 'distinct government encroachments,' and the 'stop' aspect of a *Terry* stop is distinct from any 'search' that may also occur.") (internal citation omitted).

And, to the extent Plaintiff contends that the Fourth Amendment violation occurred when Szczur used a forceful tone in issuing commands and blocked Plaintiff's movement on the front porch, Plaintiff still describes a seizure. *See United States v. Mendenhall*, 446 U.S. 544, 554 (1980) ("Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled."). Thus, Plaintiff's

---

Plaintiff ample opportunity to respond—within 28 days—which was then extended at Plaintiff's request. (*See* Dkt. 264). Plaintiff does not complain that the given response time was inadequate or that he has been prejudiced in any way by the Court following this procedure. As such, proceeding in this manner is appropriate. *See Whitfield v. Walker*, 438 F. App'x 501, 504 (7th Cir. 2011) ("A district court is permitted to enter summary judgment sua sponte if the losing party has proper notice that the court is considering granting summary judgment and the losing party has a fair opportunity to present evidence in opposition.").

continued attempts to recast his pre-shooting seizure claim as an unreasonable *Terry*-based search fail as a matter of law.

Finally, Plaintiff's reliance on the recent Seventh Circuit ruling in *Banks* to establish that an unreasonable *Terry*-based search occurred is misplaced. *Banks* affirms the long-standing principle that law enforcement officers must have a warrant to enter a home and curtilage, such as a front porch, unless "exigent circumstances exist, the resident consents to entry, or the officers conduct a knock-and-talk." *U.S. v. Banks*, 60 F.4th 386, 389 (7th Cir. 2023) (citing *Lange v. Cal.*, 594 U.S. 295, 302 (2021) (exigent circumstances); *Correa*, 908 F.3d at 221 (consent); *Florida v. Jardines*, 569 U.S. 1, 8 (2013) (knock-and-talk)). There, the Seventh Circuit concluded that officers who had seen a Snapchat post of the defendant barbequing on his front porch with a gun on the side of the grill and proceeded directly to his home to arrest him for unlawful gun possession took an impermissible shortcut under the Fourth Amendment. *Banks*, 60 F.4th at 387-388. Those particular facts supported reasonable suspicion that might have justified a *Terry* stop, but not warrantless entry onto the porch. *Id*. at 390.

*Banks* reiterates that when analyzing Fourth Amendment violations, context matters. *Id.* at 389 (noting that the exceptions to warrantless entry "reflect and reinforce" that the "ultimate touchstone remains reasonableness") (internal quotations omitted). The Seventh Circuit based its holding on the fact that "the location of *the planned arrest*—Banks's front porch—is not one the police could enter without consent or exigent circumstances." *Banks*, 60 F.4th at 389 (emphasis added). In that regard, the facts and the issues before this Court are readily distinguishable from those in *Banks*.

First, the Officers were investigating a report of gun shots fired two minutes earlier in an area plagued by gang violence when they approached the only two individuals they saw outside at

8

that early hour. According to the bodycam videos, Cook was standing and holding open a slightly ajar gate leading into the front yard while talking to Plaintiff who was seated in a chair on the porch landing and a juvenile who was sitting on the porch steps. Plaintiff does not shed any light on the topic of their discussion or explain how or when the front gate that Plaintiff contends is always closed (but unlocked) had been opened. But nothing in the record suggests that at that point, Cook was subjecting Plaintiff to a nonconsensual encounter, let alone an unreasonable search. *See U.S. v. Childs*, 277 F.3d 947, 950 (7th Cir. 2002) ("[P]olice may approach persons and ask questions or seek their permission to search, provided that the officers do not imply that answers or consent are obligatory. These requests are proper without regard to the absence of reasonable suspicion . . . because mere police questioning does not constitute a seizure.") (internal quotations and citations omitted).

Next, Szczur appears and asks Plaintiff and the juvenile if they have anything on them that they should not have as he enters the front yard through the unlocked and ajar gate and walks over to the bottom of the porch stairs. There is an "implicit license that typically permits the visitor to approach the home by the front path" and to leave immediately if the invitation is declined. *Jardines*, 569 U.S. at 8. Relatedly, there is ample case law indicating that a search does not occur when police enter private property for the purpose of making a general inquiry. *See U.S. v. French*, 291 F.3d 945, 954 (7th Cir. 2002) ("[The probation officer] entered the [defendant's] property through the public drive for the legitimate purpose of making a general inquiry of those people who were in plain view and he was free to keep his eyes open during his inquiry."); *U.S. v. Evans*, 27 F.3d 1219, 1229 (7th Cir. 1994) (citing 1 W. LaFave, Search and Seizure § 2.3(e), at 407 (1987) ("[I]t is not objectionable for an officer to come upon that part of private property which has been opened to public common use. The route which any visitor or delivery man would use is not private

9

in the Fourth Amendment sense, and thus if police take that route for the purpose of making a general inquiry or for some other legitimate reason, they are free to keep their eyes open.")); *U.S. v. Contreras*, 820 F.3d 255, 261 (7th Cir. 2016) ("Law enforcement 'may walk up to any part of private property that is otherwise open to visitors or delivery people.'"); *U.S. v. Corder*, No. 21 CR 114-1, 2023 WL 2539030, at *7 (N.D. Ill. Mar. 16, 2023) ("The case law confirms that police officers do not have a disfavored status, with a lesser license than members of the public."). *Banks* even recognizes that the police there could have attempted "to conduct their encounter with Banks as a consensual knock-and-talk scenario." 60 F.4th at 389.

Finally, Szczur begins to ascend the porch stairs only after he orders both Plaintiff and the juvenile to stand and come towards him and the juvenile complies while Plaintiff remains seated in the chair. Szczur explained why he gave that order:

> I think it's critical for a police officer when he's responding and/or investigating a scene of shots fired, that you could see everybody on scene, their body, their hands, their waists, which oftentimes people keep firearms on their waists. And at this point, I couldn't see [the juvenile] or [Plaintiff's] entire bodies or the surroundings because of the elevated position.

(Szczur Dep. 96:11-19, Dkt. 212-7). These protective pat downs are allowed for the limited purpose of discovering weapons that can be used against the investigating officer. *U.S. v. Richmond*, 924 F.3d 404, 414 (7th Cir. 2019). Although Plaintiff insists that he had yielded to Szczur's commands, thus obviating any need for Szczur to physically intrude upon the porch space, the bodycam video belies his assertion. Plaintiff began to rise as Szczur was walking up the stairs; and within seconds, Plaintiff turned and jumped over the side of the porch and ran.

In sum, Plaintiff has not shown that his case involves the type of clear Fourth Amendment violation that was presented to the Seventh Circuit in *Banks*. Summary judgment is the "put up or shut up" moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Schacht v. Wis. Dept. of Corr.*, 175 F.3d 497, 504 (7th

Cir. 1999). Having considered all the evidence and drawn all reasonable inferences in Plaintiff's favor, the Court finds no basis to conclude that Plaintiff has shown under the governing law or the on these facts that an unlawful *Terry* search occurred. Summary judgment is therefore granted in favor of Defendants.

### III. Reconsideration of Summary Judgment Ruling on Unlawful Entry Claim

Plaintiff's motion for leave to file supplemental authority requests that the Court reconsider its summary judgment ruling on his unlawful entry claim. "Motions for reconsideration serve only a 'limited function.'" *Kleronomos v. Aim Transfer & Storage, Inc.*, No. 19 C 1844, 2022 WL 3082462, at *1 (N.D. Ill. Feb. 8, 2022) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). One basis for granting a motion is "a controlling or significant change in the law or facts after the submission of the issues to the court." *Batchelor v. City of Chi.*, No. 18 C 08513, 2021 WL 825607, at *2 (N.D. Ill. Mar. 4, 2021) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "[M]otions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling." *Zurich Cap. Markets Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005).

#### A. Plaintiff's Motion for Summary Judgment

Plaintiff takes issue with the Court's finding that he did not offer evidence to show that he had a subjective expectation of privacy in the front porch. (MSJ Opinion at 19). He contends that *Banks* rendered that requirement "inconsequential" such that every warrantless entry onto any front porch is a Fourth Amendment violation. The Court is not persuaded.

On partial summary judgment, Plaintiff chose to proceed under the privacy-based approach only, which asks "(1) whether 'a person [has] exhibited an actual (subjective) expectation of privacy,' and (2) whether 'the expectation [is] one that society is prepared to recognize as

11

reasonable.'" *U.S. v. Lewis*, 38 F.4th 527, 535 (7th Cir. 2022) (quoting *Katz v. U.S.*, 389 U.S. 347, 361 (1967)). In contrast, "[u]nder the property-based approach, a search occurs when an officer enters a constitutionally protected area, such as the home, for the purpose of gathering evidence against the property owner." *Id*. at 533-34 (7th Cir. 2022) (citing *Jardines*, 569 U.S. at 6).

While it is true that the *Banks* appears to have considered the property-based approach only, nothing in the Seventh Circuit's decision indicates an implicit or explicit intent to reject an entire line of cases arising under the privacy-based approach. Here, Plaintiff presented his case using the latter approach, not the former. Thus, the Court correctly focused its summary judgment analysis on subjective expectations. Because Plaintiff's evidence fell short, summary judgment was properly denied and reconsideration is not warranted. *See Maher v. Rowen Group, Inc.,* No. 12 C 7169, 2015 WL 4111426 at *2 (N.D. Ill. July 7, 2015) ("[A] motion for reconsideration does not allow a party to revisit strategic decisions that prove to be improvident, to reargue the evidence, to make new arguments, or to introduce new evidence that could have been presented earlier." ).

      **B.**     **Defendant's Motion for Summary Judgment**

In assessing Defendants' motion for summary judgment, the Court noted that its analysis started and ended with Defendants' assertion of qualified immunity, which, to overcome, "the plaintiff 'must demonstrate that the facts, when viewed in the light most favorable to him, establish a violation of his constitutional rights,'" and "show that the alleged conduct 'violated clearly established . . . constitutional rights of which a reasonable person would have known.'" (MSJ Opinion at 23-24) (citing *Gaddis v. DeMattei*, 30 F.4th 625, 632 (7th Cir. 2022)). First, as already discussed, *Banks* does not support or establish the first factor here—a Fourth Amendment violation. Second, even if, as Plaintiff argues, *Banks* "clarified and resolved ambiguity in the law" (a statement with which the Court does not agree), the case was decided five years after the events

in question and thus cannot establish the second factor here. *See Sebesta v. Davis*, 878 F.3d 226, 234 (7th Cir. 2017) (finding that case that was decided four months after events in question could not clearly establish any rights for the purposes of qualified immunity); *Reynolds v. Shelton*, No. 22 C 01345, 2024 WL 1055634, at *1 (S.D. Ind. Feb. 6, 2024) (rejecting the plaintiff's argument that *Banks* applied to defeat the defendant's claim of qualified immunity based on a warrantless entry into the front yard.).

Accordingly, Plaintiff's motion for leave to file supplemental authority is denied to the extent that it requests this Court to reconsider its rulings on Plaintiff's Fourth Amendment claims.

## CONCLUSION

For all the foregoing reasons, summary judgment is entered in favor of Defendants on Plaintiff's *Terry*-based unreasonable search claim. The Court grants Plaintiff's request to file supplemental authority but denies his motion to reconsider prior summary judgment rulings. Judgment is entered in favor of Defendants on all claims.

**DATED**: September 20, 2024              **ENTERED**:

_LaShonda A. Hunt_
LASHONDA A. HUNT
United States District Judge

13